CRAWLEY, Appellant, vs. AMERICAN SOCIETY OF EQUITY OF NORTH AMERICA and another, Respondents.

*January 9—April 8, 1913.*

*Societies: Contracts: Debt incurred by local lodge: Liability of national lodge: Organization: Actions: Voluntary association: Liability of members: Parties: Pleading.*

**1.** A national society or lodge is not liable to pay for services rendered (in this case by a state organizer) to a subordinate state union or lodge under an express contract by the latter to pay therefor, in the absence of facts or circumstances raising an implied promise to pay on the part of such national society.

The mere fact that the services ultimately benefited the national society is not sufficient to raise such a promise.

2. In order to organize under ch. 92, Stats., a society must elect trustees as required by sec. 2002, and until it has done so it cannot be sued in the name of the trustees as provided in sec. 2003.

3. An action to enforce a liability incurred by a mere voluntary association must be brought against its individual members.

4. A voluntary association having been sued in its association name and, acting through its board of directors, having answered in that name and litigated the case upon the merits, the action is allowed to proceed to judgment against those who were members of said board of directors when the answer was served. Since the association could not defend, it is presumed that the defense was made for the individual benefit of such directors.

5. It is immaterial in such case that the pleadings were not amended so as to substitute the names of the directors for the name of the association.

6. The liability of members of a voluntary association for the debts thereof incurred during their membership for association purposes being joint and several, those members who thus voluntarily appeared cannot be heard to complain because other members were not made parties defendant.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed as to one defendant; reversed as to the other.*

Action to recover for services. The *American Society of Equity of North America* (hereinafter called *American Society*) is a corporation without capital stock organized under the laws of the state of Indiana. Its objects are, in general, to promote the interests of farmers. The organized forms of the *American Society* are local unions, county unions, state unions, and a national union, or the *American Society,* also department and district unions. The national union is the supreme head of the organization and grants charters to subordinate unions. January 11, 1906, the *Wisconsin State Union of the American Society of Equity* (hereinafter called *Wisconsin State Union*) was organized at Eau Claire, receiving a charter from the national union. Its officers were

and are a president, a vice-president, a secretary, a treasurer, and a board of directors of which the above mentioned officers are *ex officio* members, also one state organizer, and as many local organizers as the board of directors may see fit to commission.   At the annual state convention of the *Wisconsin State Union* held in Eau Claire in 1908 the plaintiff, who previously had been a district organizer for the *American Society,* was elected state organizer of the *Wisconsin State Union,* and the board of directors, at a meeting held January 17, 1908, passed a resolution engaging him as state organizer and fixing his compensation.   He continued to render services as such state organizer till some time in March, 1909.   This action was originally brought against the *American Society* to recover balance of $370.43 claimed to be due him.   The *American Society* put in a general denial and alleged that whatever services were performed were rendered for the *Wisconsin State Union,* and not for it, whereupon the *Wisconsin State Union* was made a party.   Among other defenses it alleged that it is a society with authority to act and which has acted under secs. 2002 and 2003 of the Statutes and the acts amendatory thereto, and not otherwise, and that the *Wisconsin State Union* is not capable of suing or being sued.   The case was referred, and the referee, in addition to the facts above set out, found that the *Wisconsin State Union* is not organized under ch. 92, Stats., which includes secs. 2002 and 2003; that there was a balance of $99.40 due plaintiff, for which he was entitled to judgment.   The trial court held that no liability was shown against the *American Society,* and that the *Wisconsin State Union* could not be sued in the name of its organization, and entered judgment dismissing the action as to both defendants.   From such judgment the plaintiff appealed.

For the appellant there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

*J. R. Mathews* and *R. E. Bundy,* for the respondents.

The following opinion was filed January 28, 1913:

VINJE, J.  The court properly dismissed the action as to the *American Society*.  The plaintiff stood in no contractual relation to it and the services were not rendered under such circumstances as to imply an intention on its part to pay therefor, within the rule of *Wojahn v. Nat. Union Bank,* 144 Wis. 646, 129 N. W. 1068, and kindred cases.  The services were not performed at its request, and there is nothing to show that it knew they were being rendered for the *Wisconsin State Union,* except the fact that, out of every initiation fee of one dollar, eighty cents were sent to it, fifty cents of which went to support the official paper of the *Society* and thirty cents to the support of the *Society* itself.  It is also true that membership in the *Wisconsin State Union* entitled one to membership in the *American Society*.  But plaintiff was hired exclusively by the *Wisconsin State Union* and was paid by it.  The fact that his services to it ultimately benefited the *American Society* cannot, under the circumstances of this case, be held to raise an implied promise on its part to pay therefor.  It would be a dangerous and unreasonable doctrine to hold national unions or lodges responsible for services rendered to subordinate local unions or lodges on the ground that such services ultimately benefit the national union or lodge.  The subordinate union, for the purposes of furthering its own interests, must alone be held liable for services rendered it under an express contract by it to pay therefor, in the absence of facts or circumstances raising an implied promise to pay on the part of the superior union or lodge.  Especially must this be so where, as here, the subordinate union alone paid for such services for several years, and the action was for a balance due under the same contract under which services had been rendered to, and payment made by, it.

Was the action also properly dismissed as to the *Wisconsin*

*State Union?* As we understand it, such dismissal was upon the ground that, since the *Union* was not organized under our statutes, it could not be sued in its society name, or as the *Wisconsin State Union.* It is very evident that the finding of the referee that the *Wisconsin State Union* was not organized under the provisions of our statutes is correct. To organize thereunder it must elect trustees (sec. 2002), and perhaps also file a certified list of such trustees in the office of the secretary of state (sec. 2007). It had done neither, hence it had failed to organize under our statutes. Having failed to do so, it could not be sued in the name of the trustees of (naming the lodge or society), as is provided in sec. 2003. Being neither organized under our statutes nor incorporated, the *Wisconsin State Union* is a mere voluntary association and an action to enforce any liability it may have incurred must be brought against the individual members thereof. 4 Cyc. 312; Niblack, Ben. Soc. p. 181 *et seq.;* Story, Eq. Pl. § 497; *Pipe v. Bateman,* 1 Iowa, 369; *Lloyd v. Loaring,* 6 Ves. Jr. 773. In Niblack, Ben. Soc., p. 183, the rule is thus stated:

"In the absence of statutory regulation permitting an unincorporated society to sue or to be sued in the name by which it is commonly designated, the members must sue or be sued as partners or persons jointly interested. The court will not permit them to sue or to be sued in the character of a society, nor will courts of equity lend their aid to petitioners coming before them in such a character. It is the exclusive prerogative of government to create corporations, and to invest them with power to sue, as such, by their corporate name; and upon principles of policy the courts of the country do not sit to determine upon charters granted by persons who have not the prerogative to grant charters."

The defendant *Wisconsin State Union,* however, did purport to come into court and it answered to, and litigated, the merits. This it could not do as an association. As such it had no standing in court whatever and the court was power-

less to recognize it.   When sued in its association name the members thereof or any of them could stay out of court, could appear specially and have the action dismissed for lack of jurisdiction of the members, who alone could be sued, or appear generally and litigate the merits.   In this case the governing body of the association chose the latter alternative and litigated the case on the merits.   In his opinion the trial judge said: "It is unfortunate that this case cannot be determined on its merits after both parties have been put to the trouble and expense of fully litigating the matters involved in the action."   We concur in this statement.   Undoubtedly there was a time in the jurisprudence of our state when this court would have also concurred in the final result reached by the trial court.   But under the more liberal rules of practice that now obtain, and in view of the tendency to more and more brush aside nonprejudicial technicalities in order that substantial justice may be done at a minimum expense of time and money, it is deemed that, if plaintiff so desires, the action may proceed to judgment against those who were members of the board of directors of the *Wisconsin State Union* at the time its answer was served.   As before stated, it must be presumed that the members of the board of directors of the *Wisconsin State Union* authorized the defense in this case.   They could not appear in the capacity of the society, but only in their individual capacity.   The defense made must therefore be presumed to have been for their individual benefit.   They voluntarily appeared and tried the merits. Voluntary appearance in court is equivalent to personal service of summons upon those who appear.   Sec. 2643, Stats. The fact that the pleadings were not amended so as to substitute the names of the members of the board of directors for the name of the association is of little moment.   They in fact defended, for the association could not.   Having defended, it ill becomes them to seek to step out of court when it turns out that their defense is not entirely successful.   That the

liability of members of a voluntary association for the debts thereof incurred during their membership and contracted for association purposes is joint and several is sustained by *Vader v. Ballou,* 151 Wis. 577, 139 N. W. 413, and the cases there cited.　So the members who are deemed to have voluntarily appeared cannot complain because other members of the association are not made parties defendant.

The powers of this court under sec. 3071, Stats., are very broad and intended to cover every contingency that may arise upon any appeal.　Pursuant to such powers the judgment as to the defendant the *American Society of Equity of North America* is affirmed.　As to the defendant the *Wisconsin State Union of the American Society of Equity* the judgment is reversed, and the cause remanded with directions to permit the plaintiff within thirty days after the *remittitur* is filed to substitute as defendants herein the individual members of the board of directors of the *Wisconsin State Union* at the time its answer was served, and for further proceedings according to law.

The mandate is made for further proceedings according to law because it appears by the record that the trial court never passed upon the merits of plaintiff's exceptions to the findings of fact of the referee.　The trial court should pass upon plaintiff's motion to modify the referee's report and enter judgment against the substituted defendants for such sum, if any, as it may find is due the plaintiff.

*By the Court.*—Ordered accordingly.

A motion for a rehearing was denied, with $25 costs, on April 8, 1913.