WHITING MILK COMPANIES *vs.* WILLIAM J. O'CONNELL & others.

Suffolk.    October 7, 1931. — December 28, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Contract*, Of employment, Validity, Construction. *Restraint of Trade. Labor Union. Unlawful Interference. Equity Pleading and Practice,* Decree. *Damages,* In contract.

A corporation, engaged in selling and distributing milk and other dairy products through the eastern part of the Commonwealth in the territory lying between Cape Ann and Cape Cod, including Boston and many other cities and towns, made with a labor union of milk wagon drivers a contract containing the following provision: "Each man employed under this agreement covenants and agrees with the employer that should such man's employment cease for any reason during the term of this agreement and for ninety (90) days thereafter, he will not, by himself, by agents, or as the servant or agent of another, interfere with the business of said employer or sell milk, cream, or other dairy products to any customer of said employer for a period of ninety (90) days from the cessation of said employment." A member of such union, who for ten years had been employed by the corporation, while the agreement was in force left the corporation's employ and was employed by a partnership with whose knowledge and consent and in violation of the contract he solicited and obtained the patronage of certain customers of the corporation in the town of Brookline who formerly had been served by him. In a suit in equity to restrain the former employee of the corporation and the partnership from further solicitation of the plaintiff's customers in violation of the contract, a master found the foregoing facts and the amount of damages resulting from such solicitation. A judge of the Superior Court ruled that the restrictions in the provision of the contract above described were too broad, covering too extensive a territory, and that they gave the plaintiff more protection against possible damage than was reasonable; refused to award damages and ordered the entry of a decree enjoining the former employee from soliciting or selling dairy products to customers of the plaintiff who had been served by him while he was in the plaintiff's employ and enjoining all the defendants from continuing to sell such products to certain named customers who lived or did business in Brookline. The plaintiff appealed. *Held,* that

(1) The restriction as to territory in the contract was too broad;

(2) The fact that the restriction contained a time limitation of ninety days, which was reasonable, did not save the territorial limitation from being unreasonable;

(3) Although the restriction was unreasonable as to the territory to which it in terms was applicable, it was divisible in equity as to space and might be enforced within a reasonable area; and the injunction in the decree was proper;

(4) The contract being so divisible, damages should have been awarded for the injury found to have been done to the plaintiff in selling to customers of the plaintiff in Brookline whom the defendant had served while he was employed by the plaintiff;

(5) Although it appeared that the defendant was serving a customer of the plaintiff in Cambridge, damages should not be awarded on that account because it did not appear that such customer was one whom the defendant had served while he was employed by the plaintiff.

BILL IN EQUITY, filed in the Superior Court on February 16, 1931, and afterwards amended, described in the opinion.

The suit was referred to a master. The master in his report gave the names and addresses of former customers of the plaintiff whose patronage it had lost by reason of the interference of the defendants. Forty-seven of them were in Brookline, and one in Cambridge. Other material facts found by the master are stated in the opinion.

The suit was heard by *F. T. Hammond*, J., on the master's report, a motion by the defendants that the report be recommitted, and exceptions of the defendants. Material findings and rulings by the judge are stated in the opinion. By his order, there was entered an interlocutory decree denying the motion to recommit the report to the master, and overruling the defendants' exceptions to and confirming the report; and a final decree ordering "that the defendant William J. O'Connell be enjoined for a period of ninety days from January 18, 1931, from soliciting business from, or selling dairy products to, any customers of the plaintiff company which the said defendant has served while in the plaintiff's employ; and that all the defendants be enjoined from continuing to sell dairy products to the following customers of the plaintiff living or doing business in Brookline: [here followed the names and addresses of the persons in Brookline whom the master had described as former customers of the plaintiff whose patronage it had lost by reason of the interference of the defendants]." The defendants appealed from both the interlocutory and the final decrees. The plaintiff appealed only from the final decree.

The defendants were defaulted in this court.

*R. S. Wilkins & E. L. Twomey,* for the plaintiff, submitted a brief.

No argument nor brief for the defendants.

CARROLL, J.   This suit in equity is to restrain the defendants from soliciting or persuading the plaintiff's customers to discontinue the purchase of milk or milk products from the plaintiff and to purchase the same from the defendants, in violation of the terms of the contract between the plaintiff and the Milk Wagon Drivers Union Local No. 380, of which the defendant William J. O'Connell is a member.   A decree was entered enjoining him from soliciting or selling dairy products to customers of the plaintiff who had been served by him while he was in the plaintiff's employ, and enjoining all the defendants from continuing to sell such products to customers who live or did business in Brookline.   The plaintiff appealed from the final decree. The defendants appealed from the interlocutory and final decrees.   The defendants have not prosecuted their appeals and have been defaulted.

Article ten of the agreement between the plaintiff and the union provided: "Each man employed under this agreement covenants and agrees with the employer that should such man's employment cease for any reason during the term of this agreement and for ninety (90) days thereafter, he will not, by himself, by agents, or as the servant or agent of another, interfere with the business of said employer or sell milk, cream, or other dairy products to any customer of said employer for a period of ninety (90) days from the cessation of said employment."

The master found that the agreement was accepted at a meeting of the union and duly executed by its officers.   The agreement covered the wage scale of the plaintiff's employees from April 1, 1930, to March 31, 1931.   William J. O'Connell had been employed by the plaintiff as a driver of a milk wagon for ten years prior to January 18, 1931, when he left the plaintiff's employ.   He was during his employment and at the time of the hearings before the master a member of the union.   In February, 1931, the defendant Marie B.

O'Connell, a sister of William, formed a partnership with the defendant Joseph A. Donahue for the sale of milk. William J. O'Connell was employed by the firm as driver. Marie B. intended her brother to get business from the plaintiff in Brookline. Donahue intended that William J. O'Connell "should go to plaintiff's customers for business." Prior and subsequent to January 8, 1931, William J. O'Connell persuaded customers of the plaintiff to discontinue with the plaintiff and to purchase milk from the partnership, and names of the plaintiff's customers were given Donahue by him. Both Donahue and Marie B. knew of his employment by the plaintiff and knew he was soliciting business from plaintiff's customers and intended he should do so.

The trial judge found that the plaintiff's business of selling milk and other dairy products extended through the eastern part of the Commonwealth in the territory lying between Cape Ann and Cape Cod, including Boston and many cities and towns in the Commonwealth; that it also does business in Providence and Pawtucket in the State of Rhode Island. He ruled that, William J. O'Connell being a member of the union, the terms of the agreement of April 1, 1930, under which he worked, including article ten, entered into and became a part of the employment; that the restrictions in article ten were too broad, covering an extensive territory, and gave the plaintiff more protection against possible damage than was reasonable.

The only appeal before us is that of the plaintiff. It contends that the decree was wrong because the agreement, confined as it was to a ninety-day period, should not be construed as unreasonably broad respecting territory. In our opinion the trial judge was right. By article ten William J. O'Connell was prevented from interfering with the business of the plaintiff in any place its business was carried on, and debarred him from selling milk to any of its customers if they resided or did business within that area. Such a wide covenant in restraint of trade is broader than a reasonable protection of the plaintiff's business required. It was an "interference with individual liberty," was against public policy, and will not be enforced so as

to cover the extensive area. *Sherman* v. *Pfefferkorn*, 241 Mass. 468, 474, quoting *Nordenfelt* v. *Maxim Nordenfelt Guns & Ammunition Co. Ltd.* [1894] A. C. 535, 565. *Edgecomb* v. *Edmonston*, 257 Mass. 12.

The fact that the time limitation was ninety days does not change this rule. While the period runs the restriction is unreasonable. The plaintiff did not require it for the proper safeguarding of its business and it unjustly restrained the defendants from following their occupation. The time restriction, while reasonable in itself, does not save the territorial limitation from being unreasonable. The evils resulting from a contract as broad as the one under consideration, even during a period of ninety days, are against public policy. See *Alger* v. *Thacher*, 19 Pick. 51, 54.

The judge was right in limiting the area and in enjoining all the defendants from selling dairy products to the customers of the plaintiff in Brookline, and in addition in restricting William J. O'Connell from soliciting business or selling dairy products to any customers of the plaintiff whom he had served while in the plaintiff's employ. A contract in restraint of trade in which the territory is unreasonably extensive may be divisible as to space and enforced in equity within a reasonable area. *Edgecomb* v. *Edmonston*, 257 Mass. 12. *Brannen* v. *Bouley*, 272 Mass. 67.

Following *Taylor* v. *Blanchard*, 13 Allen, 370, the judge refused to allow the plaintiff damages. That case was an action at law to recover on a contract by which the defendant agreed not to carry on a certain trade within the Commonwealth. The sum of $1,000 was fixed upon as liquidated damages. It was held there could be no recovery. No claim was there made that the contract was divisible. See *Bishop* v. *Palmer*, 146 Mass. 469. In equity, in this Commonwealth, it has been held that, where a contract is divisible and enforceable in part, damages may be awarded for interference with the plaintiff's business within the restricted space. See *Dean* v. *Emerson*, 102 Mass. 480, 485; *Brannen* v. *Bouley*, 272 Mass. 67;

*Fleckenstein Brothers Co.* v. *Fleckenstein,* 76 N. J. Law, 613; *Goldsoll* v. *Goldman,* [1914] 2 Ch. 603, 615.

The master found that the defendants delivered milk to former customers of the plaintiff who resided in Brookline. The damages to the plaintiff resulting from this amounted to $572. In addition it appeared that milk was sold to a former customer of the plaintiff who did business in Cambridge; that if the Cambridge customer was included, the total damages were $892. It does not clearly appear that the Cambridge customer had been served by William J. O'Connell during his employment by the plaintiff. The defendants were enjoined from selling dairy products to customers of the plaintiff in Brookline, and the defendant William J. O'Connell, while restrained from delivering dairy products to any one of the plaintiff's customers whom he served, should not, on this record, be called upon to pay damages resulting from a loss of the Cambridge customer.

It follows that the decree should be modified by allowing the plaintiff damages in the amount of $572; as so modified, it is affirmed.

*Ordered accordingly.*