FRANCIS M. BEGLEY & another *vs.* MARTIN E. O'NEILL.

Hampden.          September 22, 1932. — November 29, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

*Contract,* Construction. *Equity Jurisdiction,* Specific performance: negative covenant. *Words,* "Milk business."

A suit in equity could not be maintained by the vendee against the vendor of a milk route in a certain town to enforce a covenant by the vendor in the bill of sale, that he would "not engage in the milk business in any manner, whatsoever, in . . . [the town], either as an employee or as owner or operator of any such business, for the period of ten (10) years from the date of this instrument," by restraining the vendor from operating in that town a plant where he bought milk from farmers, pasteurized it, and then sold the pasteurized product from the platform to dealers in milk; the business sought to be restrained was not properly within the term "milk business" as used in the covenant, and the words "in any manner, whatsoever," were intended to refer to activities as servant, agent or owner, direct or indirect, in carrying on a business like that which was sold, and not to preclude the defendant from all occupation of every kind where milk in any form was concerned.

BILL IN EQUITY, filed in the Superior Court on March 1, 1932, and described in the opinion.

The suit was referred to a master. Material facts found by him are stated in the opinion. By order of *Lummus,* J., there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill. The plaintiffs appealed from the final decree.

The case was submitted on briefs.

*B. F. Evarts, J. Richmond, & M. Richmond,* for the plaintiffs.

No argument nor brief for the defendant.

WAIT, J.   The plaintiffs appeal from a decree dismissing their bill brought to restrain the defendant from violating a covenant in his bill of sale of a milk route to them.   The master's report finds that on January 31, 1930, the defendant sold to the plaintiffs a milk route in West Springfield and in the bill of sale covenanted "that I will not engage in the milk business in any manner, whatsoever, in the Town of West Springfield, either as an employee or as owner or operator of any such business, for the period of ten (10) years from the date of this instrument."   It also finds that on August 25, 1930, as owner, he began operating in that town a plant where he buys milk from farmers, pasteurizes it, and then sells the pasteurized product from the platform to dealers in milk; that he has continued so to do up to the time of the hearing; and, further, that the plaintiffs have suffered no actual damage therefrom.   There are no findings describing in detail the milk route sold. No objections were filed to the report which has been confirmed without appeal.

On this evidence the trial judge was justified in ruling that no case was made out.   The covenant, fairly construed, does not preclude the defendant from the course he is pursuing.   He sold a milk route.   He is not free to derogate from his grant.   He has not.   The bill of sale, annexed to the bill and admitted by the answer, described what was sold as his right, title and interest in "all bills collectible; all names and addresses of customers in a route book, so called; all milk bottle cases, including twelve (12) cases marked 'C. W. Duclos'; all milk bottles marked 'Quaker Dairy'; one 1929 one and one-half ton Cheverlet [*sic*] truck, motor number T–1,008,741; and the goodwill of the business known as Quaker Dairy, now located at 1485 Riverdale Street, in said West Springfield."   It is manifest that the covenant is intended to secure the good will in what was sold.   It is not to be extended further.   *United*

*Shoe Machinery Co.* v. *Kimball,* 193 Mass. 351, 358, citing *Anchor Electric Co.* v. *Hawkes,* 171 Mass. 101. *Whiting Milk Co.* v. *O'Connell,* 277 Mass. 570. While what the defendant is now doing is concerned with milk, it is not properly within the term "milk business" as used in the covenant. It is not so much trade or commerce in milk as the application of a process to milk. The platform purchase and sale are incidental. The words "in any manner, whatsoever," are to be taken as intended to refer to activities as servant, agent or owner, direct or indirect, in carrying on a business like that which was sold; and not as intended to preclude the defendant from any occupation whatever where milk in any form is concerned.

The order must be

*Decree affirmed with costs.*