WHITING MILK COMPANIES *vs.* WALTER GRONDIN & another.

Suffolk.    November 18, 1932. — February 15, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Contract*, Of employment. *Labor Union. Equity Jurisdiction*, Specific performance.

A labor union made with a corporation, engaged in the business of buying, selling and distributing milk and milk products in Boston and vicinity, a contract in writing containing the following: "Each man employed under this agreement covenants and agrees with the employer that should such man's employment cease for any reason during the term of this agreement and for ninety days thereafter, he will not, by himself, by agents, or as the servant or agent of another, interfere with the business of said employer or sell milk, cream or other dairy products to any customer of said employer for a period of ninety days from the cessation of said employment." A member of the union who was familiar with such provision became employed

by the corporation, afterwards was discharged, entered the employ of another corporation and within two months of his discharge violated the agreement by soliciting customers of his former employer and inducing them to transfer their patronage to his new employer. The former employer notified the new employer that the employee was violating the agreement, but the violation continued. In a suit in equity commenced thereafter by the former employer against the employee and his new employer, a final decree was entered permanently enjoining the defendants from selling or delivering milk and milk products to certain former customers of the plaintiff in Cambridge, Medford and Somerville, assessing against the defendant employee damages resulting from his dealing with such customers both before and after the plaintiff's notice to the defendant employer, and assessing against the defendant employer damages so resulting after the giving of the notice. The defendants appealed. *Held,* that

(1) In the circumstances, the agreement between the plaintiff and the union of which the defendant employee was a member was binding on that defendant;

(2) Although the agreement covered so broad a territory as to make an enforcement according to its full terms unreasonable, against public policy and improper, the final decree cut down its effect so that the restraint was within reasonable limits as to territory;

(3) The defendant employer properly was held liable for damages, because it had continued, after receiving the notice from the plaintiff, to receive the benefit of the defendant employee's breach of the agreement;

(4) Damages for a permanent injury to the plaintiff having been awarded by the decree, and more than ninety days having passed since the defendant employee's discharge by the plaintiff, it was error to include the provision for an injunction;

(5) The decree was ordered modified by eliminating the provision as to an injunction.

BILL IN EQUITY, filed in the Superior Court on March 9, 1932, brought by a corporation engaged in the business of buying, selling and distributing milk and milk products in Boston and vicinity against a former employee and his new employer and seeking the relief described in the opinion.

The suit was referred to a master. Material facts found by the master are described in the opinion. In the Superior Court, the suit was heard on the master's report by *Whiting,* J., by whose order there were entered an interlocutory decree confirming the master's report and a final decree described in the opinion. The defendants appealed from the final decree.

*C. A. Parker,* for the defendant Lyndonville Creamery Association.

*E. L. Twomey,* for the plaintiff.

LUMMUS, J.    The defendant Grondin was a member of Milk Wagon Drivers and Creamery Workers Union Local No. 380, and as such was employed by the plaintiff as a driver delivering milk at wholesale under a written agreement between the Union and the plaintiff of which art. 10 was as follows: "Each man employed under this agreement covenants and agrees with the employer that should such man's employment cease for any reason during the term of this agreement and for ninety (90) days thereafter, he will not, by himself, by agents, or as the servant or agent of another, interfere with the business of said employer or sell milk, cream or other dairy products to any customer of said employer for a period of ninety (90) days from the cessation of said employment." The defendant Grondin was familiar with this provision of the agreement. He was discharged on February 2, 1932.

On February 25, 1932, he was employed for similar work by the defendant Lyndonville Creamery Association, a Vermont corporation, and by solicitation induced some of the customers of the plaintiff to transfer their patronage to his new employer in February and March, 1932. On March 3, 1932, the plaintiff called the attention of the defendant corporation to the agreement and to its violation, but the violation continued, to the profit of the defendant corporation. The damages of the plaintiff from the breach of contract by Grondin before March 3, 1932, were assessed at $90, and such damages from acts after March 3, 1932, for which both defendants were held jointly liable, were assessed at $315. A final decree was entered against Grondin for $405 plus interest and costs, and against the defendant corporation for $315 plus interest and costs, and the decree further permanently enjoined each defendant from selling or delivering milk or milk products to certain named customers who had been induced by Grondin to transfer their custom in violation of the agreement. Both defendants appealed, but only the defendant corporation argued in this court.

The agreement was binding upon Grondin who worked under it as a member of the Union. *Willcox* v. *Arnold,* 162 Mass. 577. *Lovely* v. *Gill,* 245 Mass. 577, 593, 594. *Knipe Bros. Inc.* v. *White,* 245 Mass. 577, 596. *Cross Mountain Coal Co.* v. *Ault,* 157 Tenn. 461, 468, 469. *Yazoo & M. V. R. Co.* v. *Sideboard,* 161 Miss. 4. See also *Shinsky* v. *Tracey,* 226 Mass. 21, 23; *Tracey* v. *Osborne,* 226 Mass. 25; *W. A. Snow Iron Works, Inc.* v. *Chadwick,* 227 Mass. 382, 390, 391; *Sweetman* v. *Barrows,* 263 Mass. 349, 355. This was involved in *Whiting Milk Co.* v. *O'Connell,* 277 Mass. 570, a case arising in the same way, in which, however, the defendants did not argue their appeal. The agreement, as was held in *Whiting Milk Co.* v. *O'Connell,* 277 Mass. 570, covered too broad a territory, but its effect was cut down by the decree to specified customers in Cambridge, Medford and Somerville to whom the defendant Grondin had made deliveries for the plaintiff, so that, as in that case, the restraint was made reasonable. The defendant corporation continued to accept and retain the fruits of Grondin's breach of the agreement after notice on March 3, 1932, of his breach, and was properly held liable in damages. *Whiting Milk Co.* v. *O'Connell,* 277 Mass. 570, 575. *Brannen* v. *Bouley,* 272 Mass. 67. See also *Sherman* v. *Pfefferkorn,* 241 Mass. 468, 476, 477.

The damages awarded gave the plaintiff full compensation for the permanent loss, or transfer to the defendant corporation, of the customers specified in the decree (*Hanson* v. *Innis,* 211 Mass. 301, 306), and it would be unjust also to restrain the defendants permanently from making sales to them. The final decree is to be modified by awarding damages against the defendants jointly in the sum of $315, with interest from the date of bringing suit, March 9, 1932, and costs, by awarding further damages against the defendant Grondin in the sum of $90, with similar interest, and by eliminating the provision for an injunction; and as so modified it is affirmed.

*Ordered accordingly.*