This is a Motion to Dissolve a Temporary Injunction issued against the defendant, restraining him from soliciting customers of the plaintiff, for the purpose of selling them beverages.
The plaintiff is a Massachusetts corporation with its principal office in Springfield, and manufactures ginger ale and similar beverages. It employs salesmen who go into several states for the purpose of soliciting orders for the plaintiff's products. These orders are forwarded to the home office where they are accepted, and, from which point, shipments are made. On February 2, 1935, it entered into an employment contract with the defendant providing, among other things, that the defendant, upon termination of his employment for any reason, will not engage in a business similar to that of the defendant, within the State of Connecticut, for a period of three years from date of such termination. The contract further restricts the defendant from soliciting any of the plaintiff's customers for the purpose of selling beverages. *Page 238 
Under the contract the plaintiff had the right to assign the employee to any territory designated by it. During his employment, the defendant was given a route of customers located in Hartford and, in a few towns, contiguous thereto.
The defendant presses his motion to dissolve the temporary injunction on two grounds, — first, that under Section 3491 of the General Statutes, 1930, the plaintiff is disqualified from bringing an action in this state, unless, and until, it has complied with the requirements of this section and of Section3488, and, second, — that the contract is unconscionable, oppressive and contrary to public policy and, therefore, unenforceable.
As to the first ground, the Court is of the opinion that the business operations by the plaintiff in this state did not constitute transactions of business within the meaning of our statutes prescribing conditions of doing such business by a foreign corporation. It does not appear that the plaintiff had any regular place of business in this state, or that the sale of goods by it was consummated here. On the contrary, it appears that orders were merely taken here by its salesmen and sent to the home office, where they were accepted and, from which point, the goods were shipped.' It is, therefore, held that the plaintiff is qualified to sue in this state without complying with the requirements of Section 3488 and 3491.Pennsylvania-Dixie Cement Corp. vs. Lines Company,119 Conn. 603.
We come then to the second ground advanced by the defendant, — that the contract is unconscionable, oppressive and contrary to public policy. It will be noted that in the instant case the contract contains two separate restrictive provisions. The plaintiff insists that both are reasonable and should be enforced.
The second provision restricts the defendant from soliciting "any of the customers of the plaintiff for the purpose of selling beverages." Obviously, this provision is too broad and not necessary for the reasonable protection of the plaintiff's business. Its customers may be located in many states. It is inconceivable that the defendant could ever come in contact with most of them. It is unnecessary, therefore, for the reasonable protection of the plaintiff's business, to restrict him from calling on any of them. If it applied only to customers of the *Page 239 
plaintiff upon whom the defendant called in the course of the plaintiff's business, as was the case in Roessler vs. Burwell,119 Conn. 289, the Court would not hesitate to hold that the provision is a reasonable one. But, where he is restricted from soliciting any of the customers of the plaintiff, without limit as to time or territory, the restriction goes far beyond the bounds countenanced by our courts. Samuel Stores, Inc.vs. Abrams, 94 Conn. 248.
There remains, therefore, for consideration the provision in the contract that "the employee agrees, that upon the termination of his employment for any reason, that he will not engage in, directly or indirectly, nor be employed, in a similar business within the State of Connecticut for a period of three years from the termination of said employment".
On the face of it, this provision seems reasonable. The employer reserved the right to assign the employee to any territory designated by it. During the employment the defendant could have been assigned to any territory within the State of Connecticut. It is true that, during this period, he covered only a few towns in Hartford County, but, had he continued to be so employed, he might well have been assigned to other parts of the state. It cannot, therefore, be said that the contract, when entered into, was one that contemplated territory at no time to be covered by the defendant, or, so unreasonably restricted him, that it would prevent him from earning a livelihood. To be held unreasonable, the contract must be found to have been so at the time it was entered into, rather than to have become so because of the manner in which it was being carried out.
Believing that the restrictive provision is a reasonable one, the Court should equitably enforce it. In view of the fact that the defendant had called on customers in Hartford and, in a few towns surrounding it, the Court should not restrict him from going into business or from soliciting customers in such parts of the state not included in his route. In a recent decision in the case of Metropolitan Ice Company vs. James J.Ducas, filed June 27, 1935, by the Supreme Court of Massachusetts, it was held that: "If the restrictive agreement would involve unreasonable restrictions . . . . the provision is, nevertheless, enforceable for so much of the performance as would be a reasonable restraint." Edgecomb vs. Edmonston, *Page 240 257 Mass. 12; Whiting Milk Company vs. Grondin,282 Mass. 41. "This rule as to agreements covering too wide a territory is applicable whether or not the agreement is by its own terms divisible". Edgecomb vs. Edmonston, 257 Mass. 12;Sherman vs. Pfefferkorn, 241 Mass. 468.
The Court is, therefore, of the opinion that the restraining provision, in question, is a reasonable one, and should be enforced to the extent necessary to, reasonably, protect the plaintiff's business. Consequently it is ordered and decreed that the defendant be enjoined, under penalty of law, from engaging directly or indirectly in any business similar to that of the plaintiff in Hartford, East Hartford, Glastonbury, West Hartford, Wilson and Newington.
It is possible that the memorandum on the Motion to Dissolve the Temporary Injunction is subject to some misconstruction. The Court did not intend, by its decision, to rewrite the contract between the parties, and enforce it only partially. The Court holds that the restraining provision in the contract is a reasonable one, and therefore enforceable. It enforces it only partially but in an effort to do equity to both parties.
In the Samuel Stores case, our Supreme Court holds the entire contract invalid because the territory included was too broad and not necessary for the reasonable protection of the plaintiff's business. In the instant case, the Court holds that, in view of the plaintiff's reservation to change the defendant's route from time to time, the territory specified is not too broad and is necessary for the reasonable protection of the plaintiff's business. The original memorandum is not, in the opinion of the Court, in conflict with the Samuel Stores case; it is based upon a different set of facts.
It is true that Massachusetts has gone further in enforcing restraining agreements than Connecticut. It is also true, however, that the underlying philosophy in the construction of these contracts by all courts is to be fair and just to both sides. For that reason the particular facts in each case are, usually, determinative. *Page 241 
The Court still believes that its decision is fair under the circumstances.
 The temporary injunction granted is therefore made permanent.
If the attorneys will prepare a suitable judgment file, it will be signed by the Court.