TEUBERT, Respondent, v. WISCONSIN INTERSCHOLASTIC ATHLETIC ASSOCIATION, Appellant.

*October 8—November 3, 1959.*

For the appellant there was a brief by *Godfrey, Godfrey &* *Neshek* of Elkhorn, attorneys, and *Robert A. Fisher* of Stevens Point of counsel, and oral argument by *Mr. Fisher* and *Mr. Thomas G. Godfrey*.

For the respondent there was a brief by *J. Arthur Moran* and *R. G. Richardson, Jr.*, both of Delavan, and oral argument by *Mr. Richardson*.

BROWN, J. It appears without dispute that the Association is an unincorporated voluntary association and at common law cannot be sued as an entity but suit can only be brought against the individual members. *Crawley v. American Society of Equity* (1913), 153 Wis. 13, 139 N. W. 734. The issue is whether secs. 185.991 to 185.996, Stats., certain affidavits, and Association literature create a legal situation whereby the common-law rule does not apply and the Association as an entity is amenable to the process of the court.

We concur in the trial court's conclusion that the Association is such an entity and is so amenable.

Sec. 185.991 (2), Stats., permits the voluntary benefit plan to contract its scheduled benefits to students.

Sec. 185.992, Stats., requires specified information to be filed with the commissioner of insurance. The plan must maintain sufficient reserves to discharge its obligations.

Sec. 185.993, Stats., gives the plan power to borrow money.

At least the power of the plan to contract and the power to borrow money implies the legal obligation to become legally liable for breach of contract or repayment of loans.

Is, then, the sponsoring organization (here the Association) the equivalent of the "plan" described in the foregoing statutes? We think it is, at least in the circumstances here.

The record shows a prospectus of the plan which assures the pupil and the public that the plan is sponsored by the *Association;* the *Association* represents that it will pay the benefits which the prospectus describes; the *Association* will pay the death benefits; the *Association's* liability will be limited to certain sums. Claims for loss must be given to the *Association* at the Association's office.

All these features persuade us that by estoppel at least it is the Association which is the contracting party and the Association may be held to its contracts.

Furthermore, as the trial court pointed out in its decision, secs. 185.991 to 185.996, Stats., are placed in the chapter governing co-operatives. Co-operatives may sue and be sued as entities. Sec. 185.03 (2), Stats. But even if we should doubt the implication that a voluntary association like this has the statutory attributes of a co-operative, the necessities of the case have led the courts to recognize many associations as legal entities.

"An express statutory provision is not indispensable to an association's capacity to sue or be sued in its association name; such a suit may be maintained by virtue of a necessary implication arising from statutory provisions, as in cases where an unincorporated association is recognized as a legal entity by statutes which do not in terms authorize it to sue or be sued as such." 4 Am. Jur., Associations and Clubs, p. 487, sec. 47.

In an article by Nolen L. Brunson, 7 South Carolina Law Quarterly (1955), p. 419, the author examines a number of cases and comes to this conclusion in suits against voluntary associations:

"In the final category there are neither statutes allowing associations to sue or be sued as a unit, nor statutes prescribing how service of process may be accomplished in a suit against an association; yet, for other reasons, such as implied recognition by the legislature, suits allowed in the common

name, or estoppel, or waiver, the question of service is usually solved by resort to the statutory provisions regarding service upon corporation."

In 33 Yale Law Journal, at page 400, an article by Wesley A. Sturges entitled "Unincorporated Associations as Parties to Actions," the article lists cases in common-law courts where, without statutory assistance, service upon a principal officer of the association has been held adequate. Among these cases is that of *United Mine Workers v. Coronado Co.* (1922), 259 U. S. 344, 42 Sup. Ct. 570, 66 L. Ed. 975. The opinion is by Mr. Chief Justice TAFT. The union is a voluntary organization and the court recognizes that an unincorporated association, not recognized as having any other character than a partnership in whatever was done, could only sue or be sued in the name of its members and their liability had to be enforced against each member. Nevertheless, the court said, page 389: "To remand persons injured to a suit against each of the 400,000 members to recover damages and to levy on his share of the strike fund, would be to leave them remediless," and the court decided, page 392: "We conclude that the International Union, the District No. 21, and the 27 local unions were properly made parties defendant here and properly served by process on their principal officers."

We conclude the result is desirable and the authority is impressive that the appellant Association may be sued as an entity and that the common fund devoted to paying benefits may be reached to respond in damages in such a suit. That there is a common fund appears in sec. 185.992, Stats., requiring that the interscholastic benefit plan sub. (4) invest its funds only in property and securities approved for domestic life insurance companies; sub. (6) maintain sufficient reserves to discharge its obligations and for any "prepayment" of dues or fees collected.

Appellant submits that even if the Association might be sued like a corporation, service of process was defective be-

cause service was not made on any individual on whom service is authorized by sec. 262.09 (1) and (3), Stats. The special appearance and the motion to set aside the service and dismiss the complaint did not raise the objection. We consider that the defect of serving an unauthorized party has been waived even if that objection might originally have been meritorious.

*By the Court.*—Orders affirmed.