336 So.2d 488 (1976)
The UNIVERSITY OF SOUTH FLORIDA STUDENT GOVERNMENT, an Unincorporated Association, Appellant,
v.
Frances V. Trundle, Appellee.
No. 75-1741.
District Court of Appeal of Florida, Second District.
July 23, 1976.
Rehearing Denied September 3, 1976.
H. Glenn Waddell of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellant.
Arnold D. Levine of Levine, Freedman & Hirsch, P.A., Tampa, for appellee.
*489 GRIMES, Judge.
The appellee sustained a back injury while participating in a self-defense class sponsored by Student Government at the University of South Florida. Alleging negligence on the part of her instructor, she brought suit against him, the Board of Regents and "the University of South Florida Student Government, an unincorporated association." Appellant sought to effect service upon Student Government by serving its president. Student Government filed a motion to quash process and service of process. The motion was denied on the premise that the 20,000 members of Student Government were properly served as a class under RCP 1.220. This is an interlocutory appeal from the order of denial.
Much of the argument before this court has centered upon whether an unincorporated association can be sued and served as a separate entity. Student Government points out that under the common law rule, the only way to obtain jurisdiction over an unincorporated association is to serve each of its members. Johnston v. Albritton, 1931, 101 Fla. 1285, 134 So. 563; Walton-Okaloosa-Santa Rosa Medical Society v. Spires, Fla.App.1st, 1963, 153 So.2d 325. Appellee argues that by virtue of holding itself out to conduct activities such as the self-defense class, the association is estopped from denying its existence as a legal entity. See Teubert v. Wisconsin Interscholastic Athletic Association, 1959, 8 Wis.2d 373, 99 N.W.2d 100; Clark v. Grand Lodge of Brotherhood of Railroad Trainmen, 1931, 328 Mo. 1084, 43 S.W.2d 404; cf. Mercury Cab Owners' Association v. Jones, Fla. 1955, 79 So.2d 782. We find it unnecessary to resolve this issue because we have concluded that the student government association is simply a part of the University.
Under Chapter 240, Florida Statutes, the Board of Regents is charged with the responsibility of operating the state's university system. Pursuant to Fla. Stat. § 240.042(2)(a) (1974), the Board of Regents is empowered to establish rules under which the state's university system shall be managed. Student Government is authorized under Board of Regent Rule 6C-6.12 with the proviso "that ultimate authority for university affairs rests with the administration of each university." The president of the university maintains a veto over the budgeted expenditures of Student Government from student activity fees. Fla. Stat. § 240.0951 (1974). While Student Government is granted certain freedoms, the final authority for its activities necessarily rests with the president of the university.
Thus, it appears that the University of South Florida Student Government has no existence separate and apart from the University of South Florida.[1] Jurisdiction over the state or the University cannot be acquired by service of the president of Student Government. Therefore, the motion to quash service should have been granted.
REVERSED.
HOBSON, A.C.J., and SCHEB, J., concur.
NOTES
[1] Tactically, the question of whether Student Government is an instrumentality of the state may be exceedingly important in this case because appellee's injury occurred at a time when the state maintained sovereign immunity.