577 P.2d 735

**ARIZONA BOARD OF REGENTS, John P. Schaefer, President of the University of Arizona and John Does I through X, Appellants,**

v.

**Marlene ZAPPIA, Appellee.**

**ASSOCIATED STUDENTS OF the UNIVERSITY OF ARIZONA, an unincorporated association, John E. McKinney, Paula Van Ness, Gwen Mikeal and Michael Rauschkolb, Appellants,**

v.

**ARIZONA BOARD OF REGENTS, John P. Schaefer, President of the University of Arizona and John Does I through X, Appellees.**

No. 2 CA–CIV 2654.

Court of Appeals of Arizona, Division 2.

Feb. 7, 1978.

Rehearing Denied March 15, 1978.

April 11, 1978.

**450**

Bruce E. Babbitt, Atty. Gen. by Monte C. Clausen, Sp. Asst. Atty. Gen., Tucson, for appellants Arizona Bd. of Regents and John P. Schaefer and appellees Arizona Bd. of Regents and John P. Schaefer.

Law Offices of O'Dowd & Burke by Bruce A. Burke, Tucson, for appellee Marlene Zappia and appellants Associated Students of the University of Arizona, et al.

## OPINION

RICHMOND, Chief Judge.

Associated Students of the University of Arizona (ASUA), an unincorporated association, and various students individually, including Marlene Zappia, commenced an action in eight counts against the Arizona Board of Regents and president of the University of Arizona (defendants) alleging unlawful actions in imposition of certain fees at the university. In one count Zappia alleged that, as a student enrolled in less than twelve hours of study, she had been charged an excessive registration fee in violation of A.R.S. § 15–725(A)(5)(a) and (g).[1] In another count ASUA sought an order commanding the defendants to cause to be paid out of ASUA funds attorneys' billings incurred by ASUA and authorized for payment by its appropriations board, and prohibiting defendants from "further actions to defeat or frustrate the actions lawfully

taken by ASUA to retain legal counsel, and to make payment to legal counsel, for services rendered, in connection with legal advice or litigation."

The foregoing counts were submitted for determination on stipulated facts. The trial court entered judgment in favor of Zappia on her claim, and in favor of defendants on the ASUA claim.[2] Appeals from both judgments were perfected by the respective parties, and are dealt with separately herein.

## ZAPPIA JUDGMENT

■ The parties stipulated that Zappia was a resident student duly enrolled for nine hours of study at the university during the first semester of the academic year 1972–73, for which she paid a registration fee of $205.50. At all material times the same registration fee was charged to all resident students properly enrolled in seven or more hours of study at the university, while resident students enrolled in six or fewer hours of study paid $18.00 per hour of study.

The trial court ordered defendants to graduate the registration fee as to Zappia, and to refund to her the sum reflecting the difference between the graduated fee and the registration fee previously charged.

The statute in question unequivocally requires the Board of Regents to "[g]raduate the registration fee * * * for students enrolled in less than twelve hours of study" at the university. Webster's Third New International Dictionary, Unabridged, defines "graduate" as "2b: to divide into or arrange in regular or proportional steps,

---

1. "§ 15–725. General administrative powers of board

   "A. The board shall:

      *    *    *    *    *    *

   "5. Fix tuitions and fees to be charged and graduate the tuitions and fees between institutions and between residents, nonresidents and students from foreign countries, as follows:

   "(a) In addition to all other fees and charges, a registration fee of not less than ninety-seven dollars fifty cents per semester for each student enrolled in twelve hours of study or more at the university of Arizona.

   *    *    *    *    *    *

"(g) Graduate the registration fee and nonresident tuition fee, to be charged in addition to all other fees and charges, for students enrolled in less than twelve hours of study at each institution.

   *    *    *    *    *    *

2. The remaining counts, and prayer for class-action status as to all counts, were dismissed without prejudice pursuant to stipulation.

grades, gradations or intervals (as punishments in relation to crimes)."

Defendants take the position that by providing graduated fees for some students enrolled in less than twelve hours of study, i. e., those enrolled for six hours or less, they have complied with the legislative mandate. We find their position untenable. The statute clearly contemplates and requires a reduced registration fee for all students enrolled in less than twelve hours of study at the university.[3]

## ASUA JUDGMENT

■ Although this court's holding in *Associated Students of the University of Arizona v. Arizona Board of Regents*, 2 CA–CIV 2384, —— Ariz. ——, —— P.2d —— (App.1978), decided today, that ASUA as an unincorporated association lacks capacity to sue is sufficient to affirm the judgment of the trial court, it does not resolve the question whether ASUA has capacity to contract for legal services.

ASUA membership is composed of all students who are duly registered at the University of Arizona. The faculty manual provides:

"The student body is organized under the title, Associated Students of the University of Arizona (ASUA). The purpose is to enable students to assume privileges and responsibilities of self-government, and direction and management of student activities and enterprises, always subject to the final authority of the University Administration and the Arizona Board of Regents.

"The governing authority of the Association, delegated to it through the President of the University by the Arizona Board of Regents, is vested in the Student Executive Council, the Appropriations Board, and the Student Courts.

"The Director of Associated Student Affairs, an officer of the University, administers the finances and business affairs of student activities, under immediate supervision of the Appropriations Board of the Associated Students and in accordance with the policies and subject to the final authority of the University of Arizona and the Arizona Board of Regents. Policies regarding student activities are developed by the Appropriations Board, subject to the final authority of the University of Arizona Board of Regents."

■ The association operates from and makes use of the facilities and physical plant at the University of Arizona with the consent and approval of defendants. Although defendants do not necessarily recognize or approve of all actions taken by ASUA, they recognize it as an organization representing the interests and concerns of students who are duly registered at the University of Arizona. A substantial portion of ASUA funds is comprised of student activities fees imposed and collected by defendants, although additional sums are derived from ASUA functions and projects. An ASUA account is maintained in the business affairs office of the university, subject to the control of defendants. An appropriations board is established and granted the legislative powers of ASUA under its constitution.[4] When a bill involving the use of ASUA funds is passed by the appropriations board, the matter is brought to the attention of the director of ASUA, who is employed by and under the control of the defendants. The director then requisitions the funds from the university business office.

On several occasions, both prior to and since initiation of this case, pursuant to the foregoing procedure ASUA forwarded a requisition to the director for funds to retain the services of a lawyer. On each occasion the services were being sought in order to obtain independent legal advice in ASUA's dealings with defendants, and were

---

3. We need not decide and do not mean to imply that the reduced fee must be graduated further in proportion to the number of hours of study in which the student is enrolled; the use in the statute of "registration fee and nonresident tuition fee" in the singular is susceptible of contrary interpretation.

4. The constitution has not been approved by defendants.

452

to include in-court representation of ASUA and its members against defendants when deemed necessary or appropriate by ASUA. On each occasion the allocation of funds for such purpose was disapproved and denied by defendants.

ASUA contends that any limitation by defendants of its right to hire legal counsel for any lawful purpose violates the protection afforded it by the First and Fourteenth Amendments to the Constitution of the United States. We do not believe the case presents a question of such dimensions, however.

From the foregoing facts, it appears that whatever powers (as distinguished from rights) ASUA may have are derived from, and thus may not transcend, the administrative powers of the Board of Regents for the government of the institutions under its jurisdiction. ASUA has no existence separate and apart from the University of Arizona. *See University of South Florida Student Government v. Trundle*, 336 So.2d 488 (Fla.App.1976), cert. den. 348 So.2d 954. The Board of Regents is a state agency, *Board of Regents of Universities and State College v. City of Tempe*, 88 Ariz. 299, 356 P.2d 399 (1960) and is subject to A.R.S. § 41–192(E), which provides:

> "Notwithstanding any other provision of law to the contrary, no state agency other than the attorney general shall employ legal counsel or make an expenditure or incur an indebtedness for legal services . . . ."

Our decision that ASUA lacks standing to sue renders moot the question of legal services for in-court representation, but ASUA must look to the attorney general to provide, or employ other legal counsel to provide legal advice when necessary or appropriate.

Both judgments are affirmed.

HOWARD and HATHAWAY, JJ., concur.