Ernest Ellison Auditor General Tallahassee
QUESTION:
May a motor vehicle assigned to or requisitioned by a state university be used by a university student government association for student government association purposes?
SUMMARY:
A member of a student government association may be reimbursed, as an `authorized person,' for travel expenses under s. 112.061, F. S., only if such individual has been authorized and approved by the head of the university to incur travel expenses in the performance of a public purpose authorized by law to be performed by the university and subject to the limitations prescribed by s.112.061. A determination, however, as to whether travel expenses are incurred in the performance of a duty or function authorized by law to be performed by the university must be made by the head of the university on an individual basis from the peculiar facts and circumstances at the time such activity or such expenditure is authorized or incurred.
You state that, during recent postaudits, questions have arisen as to the use of publicly owned vehicles at institutions within the State University System. Specifically, a question has arisen as to whether motor vehicles assigned to a state university may be used by representatives of various student activities, including student government associations, for purposes in furtherance of those activities. You indicate that you are particularly concerned as to motor vehicles provided by a university for use by a student government association. Furthermore, you state that you are aware that various other student activities and organizations, which are funded by student activity fees pursuant to budgets approved by the student government association, also use publicly owned vehicles assigned to or requisitioned by the university when performing travel for the purposes of the organizations.
In your letter, you specifically refer to s. 287.17, F. S., regarding the use of vehicles maintained by the Department of General Services, Division of Motor Pools. Section 287.17
provides, in pertinent part, that motor vehicles in the central motor pool or any branch thereof shall be available for official state business only; however, s. 287.17 does not control the question raised in your letter, but provides a general limitation on the use of state vehicles by restricting the use of such vehicles to official state business. What constitutes official state business, however, must be ascertained by an examination of those statutes which relate to the agency in question, including s. 112.061, F. S., regarding travel expenses.
In University of South Florida Student Government v. Trundle,336 So.2d 488 (2 D.C.A. Fla., 1976), the court considered the relationship between student government associations and state universities in determining whether jurisdiction over the state could be obtained by serving the president of the student government association. Concluding that the student government association is a part of the university and has no existence separate and apart from the university, the court stated:
 Under Chapter 240, Florida Statutes, the Board of Regents is charged with the responsibility of operating the state's university system. Pursuant to Fla. Stat. s. 240.042(2)(a) (1974), the Board of Regents is empowered to establish rules under which the state's university system shall be managed. Student Government is authorized under Board of Regent Rule 6C-6.12 with the proviso that `ultimate authority for university affairs rests with the administration of each university.' The president of the university maintains a veto over the budgeted expenditures of Student Government from student activity fees. Fla. Stat. s. 240.0951 (1974). While Student Government is granted certain freedoms, the final authority for its activities necessarily rests with the president of the university.
See s. 7, Ch. 79-222, Laws of Florida, creating s. 240.209, F. S. 1979, regarding the powers and duties of the Board of Regents. The student government organizations are funded, at least in part, from student activity fees. See s. 240.0951, F. S. 1977, repealed by s. 121, Ch. 79-222, and s. 240.235, F. S., created by s. 19, Ch. 79-222.
Section 112.061(1)(a), F. S., provides that the travel expenses and per diem of all public officers, employees, or authorized persons of a public agency are subject to, and controlled by, the rates and limitations set forth in s. 112.061, as amended, unless expressly exempted by general law specifically referring to s.112.061. A state university established pursuant to and governed by statute clearly falls within the definition of `agency or public agency' contained in s. 112.061(2)(a) as `[a]ny office, department, agency, division, subdivision, board, bureau, commission, authority, district, public body . . . or any other separate unit of government created pursuant to law.' I am not aware of any provision, nor has such a provision been brought to my attention, which contains an exemption for the officers, employees, and authorized persons of the state universities from the provisions of s. 112.061. In the absence of such an express and specific exemption, such officers, employees, and authorized persons are subject to and limited by the provisions of s.112.061.
Paragraphs (c) and (d) of s. 112.061(2), F. S., define `officer or public officer' and `employee or public employee' for the purposes of s. 112.061, while paragraph (e) defines `authorized person' to mean, in pertinent part, a `person other than a public officer or employee as defined herein, whether elected or commissioned or not, who is authorized by an agency head to incur travel expenses in the performance of his official duties.' Under the broad definition of `authorized person' contained in s. 112.061(2)(e), it appears tht members of a student government association may be authorized by the agency head of the university to incur travel expenses under certain conditions. Section 112.061, however, limits the traveling expenses of such authorized persons as well as the traveling expenses of public officers and employees to those expenses necessarily incurred in the performance of a public purpose authorized by law to be performed by the agency. See s.112.061(3)(b). Moreover, all travel must be authorized and approved by the agency head or his designated representative from whose funds the traveler is to be paid. The statute further provides that the agency head shall not authorize or approve such a request unless it is accompanied by a signed statement by the traveler's supervisor stating that such travel is on the official business of the state and also stating the purpose of such travel. Section 112.061(3)(a). See s. 112.061(2)(b), which defines `agency or head of the agency' as the `highest policy-making authority of a public agency, as herein defined,' and Rule 6C-5.19(1) and (2), F.A.C., which provides:
 (1) The Presidents [of the universities] may authorize travel for university personnel, but only as necessary and required.
 (2) Responsibility for controlling expenditures for travel shall be that of the institution. The amount of per diem to be paid while on travel may be determined by the President provided, however, it does not exceed the statutory limit.
The agency head determines the maximum rates as set forth in s.112.061(6), F. S., and designates the most economical method of travel for each trip, s. 112.061(7)(a); in certain cases, he may authorize the use of privately owned vehicles, s. 112.061(7)(d)1., or chartered vehicles, s. 112.061(7)(e). See also s.112.061(7)(f). Moreover, the agency head may make or authorize the making of advances to cover the anticipated costs of travel, s.112.061(12). Such determinations involve the exercise of his official judgment or discretion and must be made by the head of the agency in the absence of an express statutory provision authorizing the delegation of such a determination to another body, entity, or individual.
It is well settled that expenses incurred in attending conventions or meetings not for a public purpose may not be allowed. See,e.g., AGO's 061-96 and 058-89; s. 10, Art. VII, State Const.; cf. O'Neill v. Burns, 198 So.2d 1 (Fla. 1967) (There must be some clearly identified and concrete public purpose as the primary objective and a reasonable expectation that such purpose will be accomplished). See also AGO 061-25 in which this office considered the propriety of reimbursing members of the county commission for travel expenses incurred in connection with their attendance at meetings of the state association of county commissioners and stated:
 If the meeting is a mere social function, little, if any, benefit will flow to the county by reason of the attendance of county officers; other types of meetings may or may not be beneficial, depending on their nature and the problems studied and considered.
As previously stated, under the provisions of s. 112.061, F. S., travel expenses are expressly limited to those expenses necessarily incurred by the traveler (including `authorized person') in carrying out a purpose, function, or duty authorized by law to be performed by the state agency from whose funds the traveler is paid. Thus, members of the student government association, as `authorized persons,' may incur travel expenses under s. 112.061 only in carrying out the duties or purposes imposed by law upon the universities; if such purpose is not authorized by law as a valid purpose, duty, or function of the university, the requirement in s. 112.061(3)(b) that the travel expenses be necessarily incurred in the performance of a public purpose authorized by law to be performed by the agency cannot be met. Cf. AGO 071-28, stating, inter alia, that to perform any function for the state or to expend any moneys for the state, the public officer or employee seeking to perform such function or to incur such obligation must point to a constitutional or statutory provision authorizing him to do so. A determination, however, as to whether travel expenses are incurred in the performance of a duty or function authorized by law to be performed by the agency or, in the instant inquiry, the university, must be made on a case-by-case basis. See AGO 071-374 in which this office opined that the attendance by members of the Board of Education at university functions may be authorized in some instances and undercertain circumstances as contributing to the fulfillment of their statutory responsibilities to supervise the public education system in the state; the opinion further stated, quoting AGO 071-160:
 As to the propriety or legality of any expenditure for any of the purposes hereinabove enumerated, each case must be determined on an individual basis from its own peculiar facts and circumstances at the time such activity or such expenditure is authorized or incurred . . . and within the framework structured by the interpretations and principles of law herein discussed and outlined. . . . [A]ll such activities, functions and expenses therefor are limited to those serving a governmental or public purpose and must be directly connected with or related to such purposes.
Therefore, based upon the foregoing, I am of the opinion that a member of a student government association may be reimbursed, as an `authorized person,' for travel expenses under s. 112.061, F. S., only if such individual has been authorized and approved by the head of the university to incur travel expenses in the performance of a public purpose authorized by law to be performed by the university and subject to the limitations prescribed by s.112.061. A determination, however, as to whether travel expenses are incurred in the performance of a duty or function authorized by law to be performed by the university must be made by the head of the university on an individual basis from the peculiar facts and circumstances at the time such activity or such expenditure is authorized or incurred.
Prepared by:
Joslyn Wilson Assistant Attorney General