HOWARD H. WILLCOX & another vs. LOUIS W. ARNOLD & others.

Suffolk. November 14, 1894. — January 3, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Unincorporated Association — Contract — Agent acting within Scope of his Employment.*

In an action against the members of a college class, for work done and materials furnished in the publication of a book, there was evidence from which the court might infer that the defendants voted at a class meeting to publish the book, or assented to the vote, and elected as "business manager of the publication" A., one of their number, who made with the plaintiff the contract in suit. The court found for the plaintiff. *Held*, that the contract was within the scope of A.'s employment, and that the defendants had no ground of exception.

CONTRACT, for work done and materials furnished by the plaintiffs for the defendants. Trial in the Superior Court without a jury, before *Hopkins*, J., who found for the plaintiffs, and the defendants alleged exceptions, in substance as follows.

The Class of 1893 of Tufts College, including all of the defendants and others except one Gifford, at a class meeting duly called voted to publish a volume to be called " The Brown and Blue," and elected the defendant Arnold as business manager of the publication. The class also elected certain other of the defendants as editors of the publication, and the defendant Arnold made with the plaintiffs, who were printers, a written contract for the publication of the book. Certain additions to and changes in the terms of the contract were subsequently made at the request of Arnold; and the plaintiffs by letter to Arnold stated that they intended to hold him personally responsible for the debt to them. The plaintiffs performed their part of the contract according to its terms as modified by the additions and alterations aforesaid, and delivered the publication to Arnold.

There was evidence offered by the plaintiffs tending to show that Arnold told them, when making the contract, that he rep-

resented the class; that Martin, one of the defendants, at some time subsequent told them the class stood behind Arnold; that DeGoosh, also one of the defendants, at some time subsequent told them " we know we owe you a large amount "; that the plaintiffs gave credit to the class; and that all of the defendants except Gifford were present at the class meeting at which Arnold was elected business manager.

There was evidence offered by the defendants tending to prove that they never authorized the defendant Arnold to pledge their credit for the publication of the book; that they never instructed him as to its publication; that he never reported to the class what he had done until he reported that he had not received from sales of the book enough to meet the expenses; that he never consulted with any other of the defendants as to the book, but himself fixed its price and the charge for advertisements, and determined the number of copies to be published; that he sold the copies at a uniform price; that none of the defendants received a copy free, and that he drew no money from the class treasury for expenses, or for any of the purposes of the publication; that thereafter, at a class meeting, Arnold reported that he had not collected enough to pay the plaintiffs' bill, and asked the class to help him out; and that thereupon the class voted to raise a certain sum of money to help him make up his deficit to the plaintiffs.

The defendants asked the judge to rule that there was no evidence to warrant a finding against any of the defendants, except Arnold. The judge refused so to rule, and found for the plaintiffs against all of the defendants except Gifford, and found for the defendant Gifford.

*D. T. Montague*, for the defendants.

*J. J. Higgins*, for the plaintiffs, was not called upon.

FIELD, C. J. The evidence was sufficient to warrant the finding of the court. It was competent for the court to infer from all the evidence that the defendants who were present at the class meeting at which it was voted to publish a volume to be called " The Brown and Blue " either voted to publish the volume or assented to the vote. This is also true of the vote by which Arnold was elected " business manager of the publication." The contract made by Arnold was apparently within

the scope of his employment, at least the court could so find. *Newell* v. *Borden*, 128 Mass. 31.    *Ray* v. *Powers*, 134 Mass. 22.

*Exceptions overruled.*