VADER and another, Respondents, vs. BALLOU, Appellant.

*December 11, 1912—January 7, 1913.*

*Voluntary associations: Individual liability: Credit, to whom given: Evidence.*

1. Every member of a voluntary association is liable jointly and severally for the debts thereof incurred during his membership for the purpose of carrying out the objects for which the association was formed.

2. In an action to recover a balance due for printing done for a voluntary campaign committee, brought against a member who had acted as treasurer of the committee and had made part payment out of the funds contributed thereto, the fact that in the first instance plaintiffs had charged up the account to the chairman of the committee, who ordered the printing, was not conclusive evidence that the work was done upon the credit of the chairman or relying on him individually for payment.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Silas Bullard* and *D. K. Allen,* and for the respondents on that of *Williams & Williams.*

TIMLIN, J.  In this action at law upon contract to recover for work and labor performed and materials furnished in printing letter-heads and circulars for distribution to the electors in the effort to have Mr. S. A. Cook nominated for United States senator at the primary election for the year 1910, the jury returned a verdict finding that the plaintiffs did the work and furnished the materials upon the credit of, and relying for payment upon, a committee of which the defendant was one.  That in ordering this printing and material one Cowling acted as agent of said committee, and that the printing was done and materials furnished with the knowledge and consent of the defendant, *Ballou,* who ratified the acts of Cowling in regard to the same.

The errors assigned go to the sufficiency of the evidence to support this verdict and to the sufficiency of the verdict to support a judgment for the plaintiff.

It appeared that the work and material in question were ordered by Mr. Cowling, delivered to him, and charged to him upon respondents' books of account.  After the work was begun Mr. Cowling informed respondents that there was a committee to which matters of payment must be referred.  It also appeared that Mr. Cowling was chairman of a voluntary campaign committee having charge of the active details of the campaign, and that *Mr. Ballou,* the appellant, was also a member of and the treasurer of that committee.  The work done and materials furnished were appropriate to the purpose for which the voluntary organization was formed.  There is evidence tending to show that *Mr. Ballou* knew of the contract with respondents and made part payment thereon out of the funds contributed to the committee.  The verdict found that the plaintiffs did not do the printing and furnish the material

upon the credit of or relying upon W. C. Cowling individually for payment. Upon the findings of fact by the jury, which we think are supported by evidence, the members of this committee would be liable to the plaintiffs for the demand in question. The fact that the plaintiffs charged up the account in the first instance against Mr. Cowling, while an item of evidence, was not conclusive, and is disposed of by the finding of the jury above stated. *Champion v. Doty,* 31 Wis. 190. The members of the committee, including the defendant, *Ballou,* had knowledge that this work was being done and this material furnished, that it must be paid for, that it was adapted to the purpose for which they had organized themselves into a committee, and that it was a disbursement necessary to their effectual work. The only question is whether the plaintiffs could select one member of this committee and hold him liable for the whole amount. In other words, whether the liability is joint and several. It may be that even this question is not presented because it was not raised by answer. *Derickson v. Whitney,* 6 Gray, 248. But the liability of the members of the committee is joint and several. *Fredendall v. Taylor,* 23 Wis. 538; *S. C.* 26 Wis. 286. Each member of a voluntary association is liable for the debts thereof if incurred during his period of membership and contracted for the purpose of carrying out the objects for which the association was formed. *Sheehy v. Blake,* 72 Wis. 411, 39 N. W. 479; 4 Cyc. 311.

*By the Court.*—Judgment affirmed.