[Civ. No. 3108. Second Appellate District, Division One.—December 20, 1920.]

E. O. LEAKE, Respondent, v. CITY OF VENICE et al., Appellants.

FRED L. ALLES, etc., Respondent, v. CITY OF VENICE et al., Appellants.

BRAUN, BRYANT & AUSTIN (a Corporation), Respondent, v. CITY OF VENICE et al., Appellants.

[1] ASSOCIATIONS—FORMATION OF UNDER FICTITIOUS NAME—EVIDENCE —FINDING.—In this action against a municipal corporation and a number of private individuals to recover for materials furnished and labor performed in the improvement of certain roads and highways, the evidence was sufficient to justify the finding of the trial court to the effect that the latter defendants formed a voluntary association under a specified fictitious name for the purpose of promoting and conducting automobile and motorcycle road races in said city.

[2] ID.—LIABILITY OF MEMBERS.—Each member of an association is liable for the debts thereof incurred during his period of membership, and which have been necessarily contracted for the purpose of carrying out the objects for which the association was formed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. E. McDowell and E. B. Coil for Appellants.

E. O. Leake and Goudge, Robinson & Hughes for Respondents.

SHAW, J.—In each of these cases the complaint alleged that Thomas W. Prior, Thornton Kinney, Chauncey Pettis, J. R. Fones, F. A. Church, W. A. Rennie, Byron Palmer, and Charles W. Shaw did associate themselves under the fictitious name of Venice Road Race Association, for the purpose of promoting and conducting an automobile road race over the highways in the city of Venice; and that in preparing the highways and roads for said race and in the conduct of the same, plaintiffs and their assignors, at the special instance and request of defendants, with whom the city of Venice was joined as defendant, did certain described work and labor and, in connection with and for the use of said defendants, furnished certain materials.

In each case judgment went for the plaintiff, from which said defendants, other than the city of Venice, have appealed.

There appears to be no controversy as to the amounts for which the judgments were rendered; [1] the sole contention of appellants in each case as we understand their counsel, being that the evidence was insufficient to justify the finding of the court to the effect that said defendants above named did form a voluntary association under the fictitious name of Venice Road Race Association, for the purpose of promoting and conducting automobile and motorcycle road races in the city of Venice.

The evidence, as to be expected in such cases, is voluminous, and no purpose could be served in an extended reference thereto. Suffice it to say that it clearly tends to establish the following facts: A meeting was held by a number of citizens, at which it was proposed to hold the races, and a committee, of which said defendants were members, was appointed to consider steps to be taken in furtherance thereof. Thereafter a conference was held by members of this committee with Mr. Shettler,

who was a member of the American Automobile Association. This was followed by a meeting at which it was determined to hold the races and over what streets and highways the races were to be run, and at which H. B. Eakins, the city superintendent of streets, was requested to take charge of the work necessary to put the course in shape, and with whom they discussed the work necessary therefor. Later he received a letter signed "Thos. W. Prior, Venice Road Race Association, Chairman," asking him to give an approximate estimate as to the cost of the necessary labor in putting the streets in condition, to which he replied that his acceptance of the responsibility for superintending the work was subject to the city board of trustees consenting that he do so, and at a meeting, at which several of the defendants were present and defendant Prior speaking for the committee, they were told by the board that Eakins could act in the matter, provided they were assured the money for the labor would be forthcoming every Saturday night, which assurance was given, Mr. Prior stating they would see that the money was sent out. Eakins, assuming that the committee would attend to the financial arrangements, just as they would attend to the other arrangements for the race, proceeded with the work and labor, and, to the extent that he was given money, paid therefor at the end of each week. A part of the money was delivered to him in cash and part by checks signed "Thos. W. Prior, Custodian." The members of the committee met when necessary to discuss the questions arising in connection with the enterprise and assumed to and did exercise control over Mr. Eakins in directing him as to the performance of the work as it progressed. Stationery and printed matter were gotten out by the committee, which was given general circulation, the heading of which was "Venice Road Race Association," and whereon, under the title "General Committee," appeared the names of defendants as members thereof, and appeared likewise upon letter-heads as a chamber of commerce committee in charge of the venture. It was apparently expected that the cost of doing the work and the incidental expenses of holding the races would be met by subscriptions, gate fees from spectators, and entrance fees paid by those who partici-

pated in the races and with whom defendants, acting through one of their number as chairman, made contracts.

The foregoing and other facts established tend strongly to show that defendants, with the consent of the city authorities, undertook to and did promote and hold the automobile and motorcycle road races over the highways of the city, having, as their agent, the superintendent of streets, with the consent of the board of trustees, superintend the doing of the necessary work in preparing the streets therefor, which consent was obtained upon their agreeing to furnish the money and defray the expenses of said work; that a large part of the funds, raised by subscription, was paid, but that the amount so raised, together with the moneys derived from entrance fees and gate charges, was inadequate to liquidate all of the claims for labor performed and materials furnished in connection with the enterprise so undertaken by defendants.

[2] The evidence is not only sufficient to justify the finding of which appellants complain, but clearly brings them within the rule correctly announced in 4 Cyc., page 311, that "each member of an association is liable for the debts thereof incurred during his period of membership, and which have been necessarily contracted for the purpose of carrying out the objects for which the association was formed." And in *Winona Lumber Co.* v. *Church et al.,* 6 S. D. 498, [62 N. W. 107], it is said (quoting from the syllabus): "Where the parties unite in a voluntary unincorporated association, and for convenience contract under an associate name, the acts of the association, it not being a legally responsible body, are the acts of its members who instigate and sanction the same." Other cases to the same effect are: *Willcox et al.* v. *Arnold et al.,* 162 Mass. 577, [39 N. E. 414], *Vader et al.* v. *Ballou,* 151 Wis. 577, [7 A. L. R. 216, 139 N. W. 413], *Crawley* v. *American Society etc.,* 153 Wis. 13, [139 N. W. 734], and *Richardson* v. *Keely,* 58 Colo. 47, [142 Pac. 167], in which last case it is said: "Where a business is conducted in the name of an unincorporated association, all the parties thereto are regarded as partners."

Conceding the association did not as to the members thereof constitute a partnership in the full and generally

accepted sense, nevertheless it appears that defendants were engaged in a joint venture in the nature of a partnership, to which the same rules for enforcing liability for debts incurred apply. (*Ash* v. *Guie*, 97 Pa. St. 493, [39 Am. Rep. 818].) They were not only members of the association, but held themselves out to the public as such members and as constituting a committee in charge of the work. In the employing of plaintiffs to perform labor and purchasing materials required in holding the races, they acted by persons designated as officers of the association, and the fact that the transactions out of which the indebtedness arose were had between plaintiffs and such purported officers selected and appointed by defendants, makes them none the less liable.

The judgments are affirmed.

Conrey, P. J., and James, J., concurred.