HAFENBRAEDL and another, d/b/a Charda Advertising Agency, Plaintiffs and Respondents, v. LETENDRE FOR CONGRESS COMMITTEE, Defendant: BOLTE, Chairman and others, Defendants and Appellants.

*No. 306. Submitted under sec. (Rule) 251.54 November 28, 1973.—Decided January 4, 1974.*
(Also reported in 213 N. W. 2d 353.)

For the appellants the cause was submitted on the brief of *Kelley, Weber & Bolte, S. C.,* of Wausau.

For the respondents the cause was submitted on the brief of *McGalloway, McGalloway & Bosin,* attorneys, and *Robert B. Bosin* of counsel, all of Fond du Lac.

HALLOWS, C. J. *Vader v. Ballou* (1913), 151 Wis. 577, 139 N. W. 413, applied to a political campaign committee the rule that every member of a voluntary association is liable for the debts of the association incurred during his membership and contracted for the purpose of carrying out the objects for which the association was formed. The complaint in this case alleged the necessary facts to fall squarely within *Vader v. Ballou* if there is a sufficient allegation that the individual defendants were members of a voluntary association.

A voluntary association is defined as individuals who join together for a certain object and are called for con-

venience by a common name. *Herman v. United Automobile, Aircraft & Agricultural Implement Workers* (1953), 264 Wis. 562, 59 N. W. 2d 475. It is a fair inference that the committee was formed for the purpose of promoting the candidacy of Andre LeTendre during the 1970 congressional election campaign for the seventh district. Under a liberal construction, which we are obligated to give the complaint, we hold that alleging the fact the individual defendants hold positions in a voluntary political campaign committee usually associated with policy making is sufficient to permit an inference that they were members of the committee.

Defendants argue that modern campaign reporting requirements make the rule of *Vader v. Ballou* inapplicable today. We disagree. Campaign reporting laws are not designed to protect people doing business with campaign committees. Modern sophisticated business procedures have little to do with contracting debts with political campaign committees which must be regarded as voluntary associations. The members of such a campaign committee can limit their individual liability if they wish by inserting appropriate provisions in the contracts which the committee makes with third parties.

*By the Court.*—Order affirmed.