James TURNER, Petitioner,

v.

Thomas R. ISRAEL, Superintendent, Waupun Correctional Institution, Waupun, Wisconsin, Respondent.

No. 81–C–1513.

United States District Court,
E.D. Wisconsin.

Jan. 24, 1983.

Ben Kempinen, Legal Assist. Inst. Persons Program, Madison, Wis., for petitioner.

Bronson C. LaFollette, Wis. Atty. Gen. by Sally L. Wellman, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

James Turner has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I find that Mr. Turner has not exhausted the remedies available in state courts as required by 28 U.S.C. § 2254(b), and therefore the petition for a writ of habeas corpus will be denied without prejudice.

James Turner, the petitioner, was convicted after a jury trial of one count of first-degree murder in Milwaukee county circuit court, with judgment entered on the verdict on November 27, 1972. The same day, the petitioner was sentenced to life imprisonment, which sentence he is currently serving.

The petitioner's conviction arose from the shooting of Luther McGee at the Blinking Cat Tavern in Milwaukee, Wisconsin, on March 19, 1971. A number of eyewitnesses testified at the trial concerning the events surrounding the shooting. The tavern's owner, Roosevelt McIntyre, stated that Mr. McGee and the petitioner had been having an argument, and that he heard Mr. McGee tell the petitioner that if he couldn't take a joke, he shouldn't give one. Mr. McIntyre testified that he then heard the petitioner tell Mr. McGee that he would blow his brains out. After that, according to Mr. McIntyre, the petitioner pulled out a gun, fired once, hitting Mr. McGee, and then left the tavern. The tavern owner also stated that Mr. McGee had been discharged from his former employment at the tavern in part because he got into arguments with customers.

Several other witnesses also testified that they had heard Mr. McGee say, "If you can't take a joke, don't give one," immediately prior to the shooting. Mr. McIntyre and two other witnesses who had been patrons in the tavern stated that Mr. McGee raised his hands in the air when the petitioner pulled out the gun and said "Don't shoot" or "I'm sorry." The two patrons also testified that when the petitioner first pulled the trigger, the gun merely clicked; the petitioner pulled the trigger again and shot Mr. McGee, after which he directed a stream of profanity at his victim.

Several of the witnesses mentioned that Mr. McGee was holding a pool cue, with the heavy end down, prior to the shooting, but dropped it when the petitioner drew his gun. One witness testified that Mr. McGee threw back his coat as if to reach for a gun and made a backward move just prior to the petitioner's pulling out his gun.

Milwaukee police detectives called by the defense testified that in statements given to the police, the tavern owner had not mentioned the petitioner's statement that he would shoot Mr. McGee, and another witness had not mentioned Mr. McGee raising his hands in the air prior to the shooting.

The only crime with which the petitioner was charged, and the only crime submitted to the jury, was first-degree murder. No lesser included offenses were requested by either party. During their deliberations the jury asked that the instructions on intent be reread. One juror then asked, "Your Honor, does provocation enter in any way into intent?" Transcript, p. 185 (hereinafter Tr.).

The court discussed the matter with counsel outside the jury's presence and decided that it should tell the jury that provocation was not an issue in the case since no instructions were given for lesser included offenses. The petitioner's counsel objected. The only reason he gave was that he objected to the court's expanding the instructions since there had previously been no mention of provocation. Tr., p. 185.

The court then instructed the jury as follows:

"THE COURT: The charge in the in the information is First Degree Murder. No other charges—no other instructions were given you as to any other charge for

any other offense. Provocation is not an issue in this case." Tr., p. 186.

The petitioner's counsel made no further objection.

In his appeal to the Wisconsin supreme court, the petitioner argued that the court's instruction to the jury that provocation was not an issue in the case was prejudicial error and "a denial of defendant's right to a fair and impartial jury trial as guaranteed by the due process clause of the fourteenth amendment to the United States constitution." Brief for plaintiff in error at 14, *Turner v. State*, 64 Wis.2d 45, 218 N.W.2d 502 (1974). More specifically, he argued that provocation was relevant and material to the question of a defendant's intent to commit first-degree murder and that sufficient provocation "will negate the requisite intent needed to be found guilty of first-degree murder." *Id.* at 14–15.

The petitioner argued that the trial court erroneously invaded the province of the jury as the trier of fact when the judge told the jury that provocation was not an issue in the case. He asserted that the judge should have allowed the jury to consider evidence of provocation in determining whether he was guilty of first-degree murder. *Id.* at 19. Because the judge removed this issue from the jury's consideration, he argued, his due process right to a fair trial by an impartial tribunal was violated. *Id.* at 18–19.

In ruling against the petitioner, the Wisconsin supreme court first stated that the trial court was not required to instruct the jury on the elements of lesser included offenses when the only charge submitted to the jury was first-degree murder. 64 Wis.2d at 51, 218 N.W.2d 502. The court then considered whether there was credible evidence that would have supported giving an instruction on provocation as a defense, and concluded there was not. *Id.* at 52–53, 218 N.W.2d 502.

As his first ground for requesting habeas corpus relief in this court, the petitioner asserts that the instruction to the jury that provocation was not an issue in the case "relieved the prosecution of their burden of proof of the mental state required for conviction of first-degree murder." Petition for writ of habeas corpus at 4a. He makes two arguments as to why this constituted a federal constitutional violation. First, he asserts that under Wisconsin law, the absence of provocation is an element of first-degree murder. Therefore, he argues, once he had presented some evidence of provocation, the prosecution was required to prove the absence of provocation beyond a reasonable doubt. *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). By instructing the jury that provocation was not an issue in the case, the petitioner claims, the trial judge unconstitutionally relieved the prosecution of this burden.

The petitioner's second argument is that the instruction on provocation effectively directed a verdict on the factual issue of provocation. In removing the issue from the jury's determination, the petitioner alleges, the trial judge violated his right to a trial by jury guaranteed by the sixth and fourteenth amendments to the United States constitution.

The respondent claims that the petitioner has not exhausted his state remedies as to these arguments, especially that concerning the unconstitutional shifting of the burden of proof. The petitioner acknowledges that his due process claim is framed in greater detail in this court than the fourteenth amendment claim argued in state court, but he asserts that in substance and analysis the claims are identical.

 I believe that the petitioner has not exhausted his state remedies at least as to his argument concerning the burden of proof. As stated in *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), the requirement of exhaustion of state remedies contained in 28 U.S.C. § 2254(b) is not satisfied unless the "same claim" raised by the federal habeas corpus petitioner was presented to the state courts. *Id.* at 276, 92

S.Ct. at 512. The principle is one of federal-state comity. The underlying question is whether the federal constitutional claim has been "fairly presented" to the state courts, so that they have had the first opportunity to pass on and correct an alleged violation of a state prisoner's constitutional rights. *Id.* at 275, 92 S.Ct. at 512.

■ In this case it is clear that the state courts have been directed to the same facts asserted in this court as the basis for error, namely, the trial court's instruction to the jury that provocation was not an issue in the case. However, the court of appeals for the seventh circuit has ruled that not only the same facts, but also the same legal theory, must be presented to the state and federal courts. *Wilks v. Israel,* 627 F.2d 32 (7th Cir.1980); *Macon v. Lash,* 458 F.2d 942 (7th Cir.1972). This rule is qualified by the consideration that "mere variations in the same claim rather than a different legal theory will not preclude exhaustion." *Wilks,* 627 F.2d at 38.

■ There is no question that the petitioner did not argue in his state appeal the *same* legal theory as he presents in this court. Mr. Turner urges that his argument here is a "mere variation" of that made to the state courts. I find that the difference in legal theory constitutes more than a "mere variation" and that the claim made here has not been fairly presented to the state courts.

My conclusion in this regard has several bases. First, in the state courts the petitioner made no mention whatsoever of an unconstitutional shifting of the burden of proof. To the extent that his argument there implicated a violation of his federal constitutional rights, it was in terms of a very general reference to his due process right to a fair trial. Other courts have held that exhaustion will not be found where the federal petitioner's arguments in state court were framed in terms of general due process violations and errors in state law and did not focus the state court's attention on the same constitutional claim that forms the basis for the federal petition. *See, e.g., Washington v. Harris,* 486 F.Supp. 1037, 1041–42 (S.D.N.Y.1980).

Second, in the state courts the petitioner made no reference to *In re Winship,* which forms the foundation of his argument here. Indeed, he cited no federal cases at all—another arguable indication that his federal constitutional claim was not adequately presented to the state courts. *See, e.g., Johnson v. Metz,* 609 F.2d 1052, 1055 (2d Cir.1979). The few cases that the petitioner did cite to support his due process argument were state cases focusing on the right to trial by an impartial, unbiased tribunal, whether court or jury. *See, e.g., State ex rel. Mitchell v. Bowman,* 54 Wis.2d 5, 7, 194 N.W.2d 297 (1972). This right is quite unrelated to *Winship's* requirement that the prosecution prove all elements of the crime beyond a reasonable doubt.

Third, at the time the petitioner was pursuing his state court appeal, *Mullaney* and *Patterson,* which are vital to his argument in this court, had not yet been decided. The impact of these cases was more to extend *Winship* than to make a fundamental change in the law. *Cf. Blair v. California,* 340 F.2d 741 (9th Cir.1965). However, their nonexistence at the time of the petitioner's state appeal increased the burden on the state court to apply *Winship,* essentially *sua sponte,* in something like the petitioner's burden of proof argument. The state courts should be squarely presented with that argument and with the question of how *Mullaney* and *Patterson* apply in this case.

Fourth, the claim being presented in this court is not, in my opinion, the "substantial equivalent" of the claim brought before the state courts. *Picard,* 404 U.S. at 278, 92 S.Ct. at 513. Superficially, the claims are similar, in that both involve (1) the relationship of provocation to the intent required for first-degree murder and (2) the allegation that a fact issue was improperly removed from jury consideration. However, the petitioner never explicitly presented to the state court the argument that lack of provocation is an *element* of first-degree murder under Wisconsin law—an argument that, in this court, the petitioner has not

**510**

only made but has supported with a lengthy and carefully framed discussion of legislative history. Furthermore, in this court the petitioner argues strenuously that under Wisconsin law and the principles articulated in *Mullaney,* the only burden that can constitutionally be placed on a defendant is to produce "some" evidence of provocation. The petitioner interprets this requirement to mean that unless there is "absolutely no" evidence of provocation, the issue must go to the jury. Because this argument was never made in the petitioner's state appeal, the state court has never been asked to assess the evidence of provocation offered at the petitioner's trial in the framework of such a claim.

One final consideration supports my conclusion that the petitioner should be required to return to the state courts before his petition is heard on the merits in a federal habeas corpus proceeding. In *State v. Lee,* 108 Wis.2d 1, 321 N.W.2d 108 (1982), decided after the petition was filed in this court, the Wisconsin supreme court ruled that when a defendant introduces sufficient evidence to raise the issue of heat of passion upon adequate provocation, the burden rests on the prosecution to disprove it beyond a reasonable doubt. This case therefore appears diametrically opposed to those in which a federal habeas corpus petitioner is excused from pursuing further state remedies because an intervening state court decision has found *against* him on the issue raised in the federal proceeding. *See, e.g., Perry v. Blackledge,* 453 F.2d 856 (4th Cir. 1971).

Under the rule announced in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), if a federal habeas corpus petition contains *any* unexhausted claims, other claims as to which the petitioner may have exhausted state remedies cannot be heard by the federal court until those remedies are pursued as to the unexhausted claims. Therefore I need not consider whether any other claims the petitioner brings in this court have been exhausted.

Before a petitioner can be returned to the state courts, there must exist an available remedy in those courts. I believe that in this case the petitioner may pursue the claim he brings here under Wisconsin's postconviction statute, Wis.Stat. § 974.06. A motion under this statute may be made at any time. Wis.Stat. § 974.06(2).

Therefore, IT IS ORDERED that the petition for a writ of habeas corpus be and hereby is denied without prejudice.