STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert MINUED, Defendant-Appellant-Petitioner.

Supreme Court

*No. 86–1187–CR. Argued October 7, 1987.—Decided November 25, 1987.*

(Also reported in 415 N.W.2d 515.)

For the defendant-appellant-petitioner there were briefs and oral argument by *Michael Yovovich,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

PER CURIAM.   We have been asked to review an unpublished decision of the court of appeals affirming the judgment of conviction of the circuit court for Racine county, Judge Emmanuel J. Vuvunas, wherein Robert Minued was convicted of one count of endangering safety by conduct regardless of life and one count of possession of a firearm by a felon. Because we determine that review in this case was improvidently granted, we dismiss the petition for review.

The briefs and oral argument in this case reveal that the only issue presented for review is whether the circuit court erred in refusing to give the requested self-defense instruction with regard to the defendant's shooting at a fleeing individual. A defendant is entitled to a jury instruction on a valid theory of

defense only where such an instruction is supported by the evidence. *Turner v. State,* 64 Wis. 2d 45, 51, 218 N.W.2d 502 (1974). Our review would thus focus on whether, under the facts of this case, the evidence was sufficient to warrant an instruction on self-defense.

Review by this court is a matter of judicial discretion, not of right, and will be granted only when special and important reasons are presented. Sec. (Rule) 809.62(1), Stats. Under sec. (Rule) 809.62(1), the following criteria will be considered by this court in deciding whether to review a decision of the court of appeals:

"(a) A real and significant question of federal or state constitutional law is presented.

"(b) The petition for review demonstrates a need for the supreme court to consider establishing, implementing or changing a policy within its authority.

"(c) A decision by the supreme court will help develop, clarify or harmonize the law, and

"1. The case calls for the application of a new doctrine rather than merely the application of well-settled principles to the factual situation; or

"2. The question presented is a novel one, the resolution of which will have statewide impact; or

"3. The question presented is not factual in nature but rather is a question of law of the type that is likely to recur unless resolved by the supreme court.

"(d) The court of appeals' decision is in conflict with controlling opinions of the United States Supreme Court or the supreme court or other court of appeals' decisions.

"(e) The court of appeals' decision is in accord with opinions of the supreme court or the court of

appeals but due to the passage of time or changing circumstances, such opinions are ripe for reexamination."

Consistent with these principles, this court ordinarily does not review questions concerning the sufficiency of the evidence. *Winkie, Inc. v. Heritage Bank,* 99 Wis. 2d 616, 621–22, 299 N.W.2d 829 (1981).

■

Review in the present case by this court is inappropriate because it would amount to a review for correctness. It is not this court's institutional role to perform this error correcting function. *See State v. Mosley,* 102 Wis. 2d 636, 665–66, 307 N.W.2d 200 (1981). The record reveals and we conclude that the issue presented in this case was adequately addressed by the court of appeals. Further, we find no other reasons under sec. (Rule) 809.62(1), Stats., for this court to exercise its discretionary power to review the decision of the court of appeals.

■

Because the issue presented on this review involves the sufficiency of the evidence and because the issue in this case does not meet the criteria this court has adopted for reviewing court of appeals' decisions, we dismiss the petition for review as improvidently granted.

The review of the decision of the court of appeals is dismissed.

DAY, J. (*dissenting*). I dissent from the majority decision to dismiss this review as "improvidently granted."

The majority cites part of the criteria for accepting review of a court of appeals decision. However, the last paragraph reads as follows:

"The above-stated guidelines are set forth to indicate what this court considers in reviewing petitions to appeal. It must be emphasized, however, that the presence in a case of any one or any combination of these factors is not an assurance that the petition to appeal will be granted. *Nor is the apparent absence of such factors an assurance that the petition will be denied.*" (Emphasis added.) 85 Wis. 2d xiv (1978).

I conclude that this is a case that should be taken under the statutory sec. 751.06, Stats.,[1] that allows appeals to be taken in the interest of justice. I conclude this is a case where justice may have miscarried because of a refusal of the circuit court to submit a question on self-defense to the jury.

This case arose out of a shooting in a downtown Racine apartment hallway where one man, White, was shot in the forehead and killed, and another, Neis, was shot at, but not even hit, while fleeing the scene.

---

[1]Section 751.06, Stats. provides:

**"751.06. Discretionary reversal.** In an appeal in the supreme court, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record, and may direct the entry of the proper judgment or remit the case to the trial court for the entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice."

The defendant fired a derringer at these two strangers outside his apartment door.

The events occurred at approximately 5:00 p.m. on March 11, 1985. After drinking together at a local bar, Neis and White decided to visit their friend Dennis Stindl, who lived in Minued's apartment building. The two apparently didn't know in which exact apartment Stindl lived. Neis and White banged on several doors, including Minued's.

Minued, forty-one years of age, was watching television when he heard knocking, banging, laughing and talking in the hallway. He testified that he saw his door knob turning and heard a knock. When he answered his door two strangers asked for Dennis. He told them Dennis lived across the hall and closed the door. He then heard a sound like urinating outside his door. His door was jiggled and kicked again from the hallway. Minued stated he thought the door would be kicked in.

Minued then got a pistol from a drawer and opened the door. He told the two to "get the hell out ... I'm talking to you, big boy." Neis was behind White. Minued stepped in the hallway, holding his pistol at his side. He shut the door, again telling the two to leave. Neither White nor Neis responded verbally, but both slowly began advancing upon Minued. White had both hands outstretched at shoulder level and Neis had his hands in his pockets. Minued pointed his pistol with both hands and backed up as the two silently continued to approach. When Minued's back hit the wall, he fired once, hitting White. The distance between the gun and the outstretched arms was about eighteen inches. White was hit in the forehead and killed. Minued fired a second shot at Neis as he started to run down the hall. When Minued

fired, Neis was ten to twenty feet away. The shot missed Neis and hit a doorway.

Minued and Neis were the only two eyewitnesses to the shooting. Several neighbors who heard shots testified, however. Two residents testified that the shots were five to ten seconds apart. Another stated they were three to four seconds apart. Yet another stated the shots occurred simultaneously.

Minued then went to his parents' home. They took him to the police station where he gave a statement.

Minued was charged with (1) first-degree murder while armed with a dangerous weapon; (2) attempted murder while armed with a dangerous weapon; and (3) possession of a firearm by a felon. Minued pled no contest to the third count. As to the first count, relating to the killing of White, the court instructed the jury on first-degree murder, second-degree murder, self-defense and self-defense manslaughter, all while armed. Minued was found not guilty by the jury. The jury obviously believed he shot in self-defense.

On the second count, the shooting at Neis, the court refused to instruct the jury on self-defense. Instead, the court instructed on the lesser included offense of endangering safety by conduct regardless of life. The jury convicted Minued on the endangering safety charge not on attempted murder.

There is reason to believe that the jury, had they been given the right to decide the issue of self-defense would have acquitted Minued on this count also. The various estimates of the time between the two shots shows the whole episode occurred in a very short space of time.

The instruction on self-defense was required under these facts and at the least it was an abuse of

discretion not to give it. I would reverse and grant a new trial.

I disagree with the decision of the majority to hold the review improvidently granted in this case.

I am authorized to state that Justices DONALD W. STEINMETZ and WILLIAM A. BABLITCH join this dissenting opinion.