TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 91-505 |
| of | : | |
| | : | JANUARY 16, 1992 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. DaVIGO | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE NEWTON R. RUSSELL, MEMBER OF THE CALIFORNIA SENATE, has requested an opinion on the following question:

Under the law pertaining to unincorporated nonprofit associations, may the Secretary of State issue a certificate of registration as a "family" to any two or more individuals who share a common residence?

CONCLUSION

Under the law pertaining to unincorporated nonprofit associations, the Secretary of State may not issue a certificate of registration as a "family" to any two or more individuals who share a common residence.

ANALYSIS

Corporations Code section 21301[1] provides:

"Any association, the principles and activities of which are not repugnant to the Constitution or laws of the United States or of this State, may register in the office of the Secretary of State a facsimile or description of its name or insignia and may by reregistration alter or cancel it."

Section 21301 is part of the statutory scheme regulating unincorporated nonprofit associations. (§§ 21000-21401.)  We are asked whether under section 21301, the Secretary of State may grant an application for a certificate of registration to two or more individuals (whether or not related by blood, marriage, or adoption) in the style of and for the purpose of being registered and known as "Family of J. Doe and J. Roe."

---

[1]All section references are to the Corporations Code unless otherwise specified.

The principle issue presented is whether a domestic relationship of two or more persons with a common residence constitutes an "association" of the type or nature which may be registered as a "family." Does such relationship constitute a "family," and if so, does a family constitutes an "association" which may, by definition, be issued a certificate of registration?

The term "family" is in itself broad and inclusive. The term, as defined in Webster's New International Dictionary (3d ed. 1961) at page 821, includes a group of persons in the service of an individual; the retinue or staff of a nobleman or high official; a group of people bound together by philosophical, religious, or other convictions; a body of employees or volunteer workers united in a common enterprise; a group of persons of common ancestry; a group of persons of distinguished lineage; a people regarded as deriving from a common stock; a group of individuals living under one roof; the body of persons who live in one house and under one head including parents, children, servants, and lodgers or boarders; a group of persons sharing a common dwelling and table; the basic biosocial unit in society having as its nucleus two or more parents living together and cooperating in the care and rearing of their own or adopted children. Patently, then, the word "family" has different meanings depending upon the context and circumstances of its use. (*Moore Shipbuilding Corp. v. Industrial Acc. Com.* (1921) 185 Cal. 200, 207; *Estate of Bennett* (1901) 134 Cal. 320, 323.)

In the statutory scheme pertaining to unincorporated associations in general (§§ 20000-24007), the term "nonprofit association" is defined in section 21000 as follows:

"A nonprofit association is an unincorporated association of natural persons for religious, scientific, social, literary, educational, recreational, benevolent, or other purpose not that of pecuniary profit."

As part of this legislation and specifically with respect to nonprofit associations (§§ 21000-21401), the term "association" is defined in subdivision (a) of section 21300 as follows:

"`Association' includes any lodge, order, beneficial association, fraternal or beneficial society or association, historical, military, or veterans organization, labor union, foundation, or federation, or any other society, organization, or association, or degree, branch, subordinate lodge, or auxiliary thereof."

However, whether one or more definitions of "family" may literally fall within the concept of an "association" is not, in our view, dispositive of the issue presented. Rather, we look to and apply the appropriate rules of statutory construction applicable herein. The "primary aim in construing any law is to determine the legislative intent." (*Committee of Seven Thousand* v. *Superior Court* (1988) 45 Cal.3d 491, 501.) "The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and the provisions relating to the same subject matter must be harmonized to the extent possible." (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735.) "Statutes are to be given a reasonable and common sense interpretation consistent with the apparent legislative purpose and intent `and which, when applied, will result in wise policy rather than mischief or absurdity.' [Citation.]" (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1391.)

First, it is noted that the definitions of the term "association" in sections 21000 and 21300, while nonexclusive, set forth at length specific examples of associations, organizations, and societies of various types and descriptions. They do not, however, specify a traditional or extended family or purely domestic relationship. This obvious absence of definitional specification is inconsistent with a legislative intent to include within the statutory design a kind or category which would comprise the vast majority of associations.

Second, the concept of "family" in the sense of persons living together in a traditional or other relationship is unlike the kinds of associations which are statutorily specified. As previously noted, section 21000 refers to an "association of natural persons for religious, scientific, social, literary, educational, recreational, benevolent, or other purpose . . . ." In similar vein, section 21300 specifies a "lodge, order, benevolent association, fraternal or beneficial society or association, historical, military, or veteran's organization, labor union, foundation, federation, or any other . . . association . . . ."

Under the doctrine of *ejusdem generis*, the word "other" may signify a distinction or difference from that already mentioned, yet when it follows an enumeration of particular classes, "other" must be read as "other such like" and includes only others of like kind or character. (*Estate of Stober* (1980) 108 Cal.App.3d 591, 599; 74 Ops.Cal.Atty.Gen. 167, 168 (1991).) Further, had the Legislature intended for the more general terms of sections 21000 and 21300 (e.g., "social," "society") to be used in their unrestricted sense, it would not have mentioned the particular things or classes which thereby would become mere surplusage. (See *Sears Roebuck & Co.* v. *San Diego County Dist. Council of Carpenters* (1979) 25 Cal.3d 317, 331.) As stated in Civil Code section 3534: "Particular expressions qualify those which are general." (See *In re Marquez* (1935) 3 Cal.2d 625, 629; 73 Ops.Cal.Atty.Gen. 156, 160-161 (1990).) It is significant that all of the specified categories in sections 21000 and 21300 are associated by some external, discreet, and special common interest or endeavor not constrained or limited by any preexisting domestic or residential relationship.

Third, if the term "association" were understood in its broadest sense, it would include every conceivable interpersonal relationship, whether or not in common residence. Two or more persons might be associated by various kinds and degrees of mental, emotional, psychological, or physical relationship, or mere friendship. It is unreasonable to ascribe to the Legislature an intent to authorize, and to require upon appropriate application, the registration by the Secretary of State of all such associations.

Moreover, as noted at the outset, section 21301 permits any association to register in the office of the Secretary of State a facsimile or description of its name or insignia. Section 21302 prohibits an association from registering any name or insignia similar to or so nearly resembling another name or insignia already registered as may be likely to deceive. The legislative scheme provides for an index of registrations (§ 21306), criminal penalties for the unauthorized use of a registered name or insignia (§ 21307), injunctive relief (§ 21308), and civil damages (§ 21309). It is clear from the context of the statutory scheme as a whole that section 21301 providing for the registration of association names and insignia was intended to preclude unfair and deceptive practices by preserving the name, goodwill, and reputation of an association against misappropriation and unfair competition. We are unaware of any social or public policy of this state to preserve or protect a family name for the exclusive use of a particular family. Had the Legislature intended to accomplish the latter result, in our view it would have done so after careful deliberation and in unequivocal terms. We believe that the Legislature simply did not intend to authorize the registration of family names for the sole purpose of providing public recognition of a "family" association.

Finally, if the word "association" includes any two or more persons who live together, then it certainly includes the "traditional" family, consisting of husband, wife, and children. The Legislature has enacted a comprehensive statutory scheme regulating domestic relations, known as The Family Law Act. (Civ. Code, § 4000 et seq.) The mere existence of such an integral, comprehensive, and specific system of laws regulating domestic relations is an indication that the provisions of another general statutory scheme were not intended to apply. (Cf. *O'Sullivan v. City and County of San Francisco* (1956) 145 Cal.App.2d 415, 418; 63 Ops.Cal.Atty.Gen. 24, 28 (1980).)

It is reasonable to infer that the Legislature did not intend to superimpose separate provisions upon the same subject matter. (*American Friends Service Committee v. Procunier* (1973) 33 Cal.App.3d 252, 262-263; cf. *Alta Bates Hospital v. Lackner* (1981) 118 Cal.App.3d 622.)

The actual conflicts which would arise by the imposition of both statutory schemes suggest that the Legislature did not contemplate the application of both. In the case of a husband and wife, the law of domestic relations and the law pertaining to associations would operate differently and inconsistently. With respect to the internal relationship of the individuals, for example, a member of an association would have no interest in the earnings of the other, whereas such earnings under the law pertaining to families would constitute the property of the community. (Civ. Code, § 4800.) Further, an association may be dissolved at will or by the terms of its formational agreement, such as the articles of association or by-laws, while the law governing marital dissolution requires proof of irreconcilable differences. (Civ. Code, § 4506.) With respect to external relationships, a member of an association is generally not liable for the association's debts (see §§ 21100-21102, 24002; cf. *Jardine v. Superior Court* (1931) 213 Cal. 301; *Security First National Bank v. Cooper* (1944) 62 Cal.App.2d 653, 667; *Leake v. City of Venice* (1920) 50 Cal.App. 462; 59 Ops.Cal.Atty.Gen. 162, 165 (1976)), while spouses are liable for debts incurred by either spouse during the marriage. (Civ. Code, § 5116.). We see no basis for concluding that a husband and wife who share a common residence were intended to be covered by the term "association" for purposes of sections 20000-24007.

It is, of course, axiomatic that a public officer has only such powers as have been conferred by law. (See 72 Ops.Cal.Atty.Gen. 51, 52 (1989) [county auditor]; 68 Ops.Cal.Atty.Gen. 223, 224 (1985) [county tax collector]; and 62 Ops.Cal.Atty.Gen. 504, 508 (1979) [county tax collector]; 67 Ops.Cal.Atty.Gen. 325, 330 (1984) [Department of Industrial Relations Director]; 65 Ops.Cal.Atty.Gen. 321, 325 (1982) [county recorder]; 65 Ops.Cal.Atty.Gen. 467, 468 (1982) [Governor]; 63 Ops.Cal.Atty.Gen. 840, 841 (1980) [State Treasurer].) Here, Section 21301 does not confer upon the Secretary of State the authority to register the "family" names in question.

Accordingly, in answer to the question presented, we conclude that under the law pertaining to unincorporated nonprofit associations, the Secretary of State may not issue a certificate of registration as a "family" to any two or more individuals who share a common residence.

\* \* \* \* \*